Dale Woods appeals the Ross County Court of Common Pleas' grant of summary judgment to Owners Insurance Company ("Owners"). He asserts that the trial court erred because Woods is an insured under an Owners insurance policy held by Cindy and Eugene Potts ("the Policy") and R.C. 3937.18 mandates that the Policy provide uninsured motorist coverage to insureds. We disagree, and find that the Policy's uninsured motorist provision does not violate R.C. 3937.18 because Woods is not an insured under the Policy. Accordingly, we affirm the judgment of the trial court.
 I.
On April 20, 1997, Woods was a passenger in a car owned and driven by Tracy Smith. Smith's car was involved in a single-car accident and Woods was allegedly injured. Smith was uninsured.
The Policy covers liability involving the Potts' automobile for "any relative who lives with [the Potts] * * *" and "any person using [the Potts'] automobile with [their] permission." The Policy also covers "other automobiles," but provides this coverage only to the Potts "and to relatives living with [the Potts] who do not own an automobile." Finally, the Policy provides uninsured motorist coverage to any "relative living with [the Potts] who does not own a car." On April 20, 1997, Woods lived with the Potts, his brother and sister-in-law, and owned a car.
Woods filed an action against Smith and Owners seeking compensation for his injuries and a declaration that the Policy covered him. Owners counter-claimed seeking a judgment declaring that the Policy's uninsured motorists provision does not cover Woods. Woods filed a motion for summary judgment on the issues of negligence and coverage. Owners also filed a motion for summary judgment. The trial court overruled Woods' motion and granted Owners' motion. Woods then voluntarily dismissed his claim against Smith.
Woods appeals the summary judgment, asserting the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEE, OWNERS INSURANCE COMPANY.
 II.
In his only assignment of error, Woods argues that the trial court erred by granting summary judgment. He does not argue that he is entitled to coverage through the language of the Policy itself. Rather, he argues that R.C. 3937.18 mandates that the Policy provide uninsured motorist coverage because he is "an insured" under the Policy, was injured by an uninsured motorist, and his claim against Smith is recognized under Ohio tort law.
Owners argues that R.C. 3937.18 does not mandate coverage because Woods is not an insured under the Policy.
 A.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, 535.
The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.Dresher v. Burt (1996), 75 Ohio St.3d 280, citing Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. However, once the movant supports his motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111; Dresher, 75 Ohio St.3d at 294-95.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App. 3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id.
See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
We apply identical standards of interpretation to insurance contracts as we do to other written contracts. Hybud Equip. Corp.v. Sphere Drake Ins. Co., Ltd. (1992) 64 Ohio St.3d 657, 665. We must give the language of an insurance policy its plain and ordinary meaning. Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360,362. Only when an insurance contract is ambiguous and susceptible of more than one interpretation, must we liberally construe the language in favor of the claimant seeking coverage.Id. We review the interpretation of insurance contracts de novo.Nationwide Mut. Fire. Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
 B.
R.C. 3937.18 mandates uninsured motorists coverage where "(1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478,481. R.C. 3937.18 is remedial legislation that we must liberally construe to effectuate the legislative purpose of protecting persons. Martin at 480.
Because a party may not enter into contracts that are contrary to law, an insurance policy provision that does not conform to R.C. 3937.18 is void. Id.
Here, Woods fails the first prong of the Martin test because he is not an insured under the Policy. Woods argues that since the liability provision of the Policy provides coverage to him in accidents involving the Potts' car, he is an insured under the Policy. However, the Policy also provides liability coverage to any person who borrows their car with their permission. Thus, under Woods' logic, any person who uses the Potts' car with their permission would be entitled to uninsured motorist coverage under the Policy even when not driving the Potts' car. We disagree. Woods is not an insured simply because the Policy covers him in hypothetical situations. Further, the declaration page of the Policy lists only the Potts as the "insured." The first page of the Policy explains that it is a new "`readable' policy" and indicates that the terms insurer and insured" are replaced with the terms "we and you" in the Policy. Throughout the Policy the term "you" refers to the Potts. Accordingly, we find that the plain and ordinary language of the policy indicates that Woods is not an insured under the Policy.
Woods argues that the Ohio Supreme Court cases of Martin, supra
and State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, support his argument that he is entitled to uninsured motorist coverage under the Policy.
In Alexander, Alexander was injured while he was a passenger in his own car. He attempted to collect benefits from his insurer. His policy contained a clause that excluded, by its definition of an uninsured motor vehicle, any vehicle listed in down the exclusion since it deprived the insured of coverage for a claim against an underinsured motorist which is recognized under Ohio tort law.
The Martin Court relied heavily on its earlier decision inAlexander. Gerald Martin was insured under a policy that specifically covered two of his vehicles, but did not mention his motorcycle. An uninsured motorist crossed the center line and struck Martin, who was riding his motorcycle. When Martin tried to collect uninsured motorist coverage through his policy, the insurance company refused payment based upon a clause in the policy that excluded coverage for insureds injured while occupying vehicles not named in the policy. The Court struck down the exclusion, holding that "[a]n automobile liability insurance policy which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." Martin
at paragraph three of the syllabus.
Woods' attempt to rely on Martin and Alexander ignores legally significant factual differences between those cases and this case. Martin and Alexander both involved an insured who was denied coverage because of a vehicle exclusion. In this case, Woods is not covered under the Policy's uninsured motorist clause because he is not an insured under the Policy. The denial is not based on a vehicle exclusion. Accordingly, Martin and Alexander
are distinguishable from this case.
Thus, as a matter of law, the uninsured motorists provision of the Policy does not violate R.C. 3937.18 and Woods is not entitled to uninsured motorist coverage under the Policy. Accordingly, the trial court did not err in granting summary judgment.
 III.
In its brief, Owners asks us to affirm the trial court's grant of summary judgment on the issue of bad faith. Because appellant did not assert that the trial court erred in entering that judgment, we decline to address it. See App.R. 12(A)(1)(b)
 IV.
In sum, we overrule Woods' only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.