STATE FARM AUTOMOBILE INSURANCE COMPANY,
APPELLEE, *v.* ALEXANDER, APPELLANT.

[Cite as *State Farm Auto. Ins. Co. v. Alexander*
(1992), 62 Ohio St.3d 397.]

(No. 90–1728—Submitted October 16, 1991—Decided January 15, 1992.)

_____

*Buckingham, Doolittle & Burroughs* and *David W. Hilkert,* for appellee.

*Scanlon & Henretta Co., L.P.A.,* and *J. Thomas Henretta,* for appellant.

HERBERT R. BROWN, J.   The sole issue before the court is whether State Farm may, by policy definition, eliminate uninsured and underinsured motorist coverage to persons injured in a motor vehicle accident where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law.   For the reasons which follow, we hold that it may not.

The State Farm insurance policy sets forth underinsured and uninsured motorist coverage in a single provision: "SECTION III—UNINSURED MOTORIST VEHICLE—COVERAGE U."[1]   The policy provides in relevant part:

"We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.   The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

"* * *

"Uninsured Motor Vehicle—means:

"1.   a land motor vehicle, the ownership, maintenance or use of which is:

---

1. Although the policy refers only to uninsured motor vehicles, it is evident from the policy's index that the section is also intended to govern underinsured motorist coverage.

" * * *

"b. insured * * * for bodily injury liability at the time of the accident; but

" * * *

"(2) the limits of liability:

"(a) are less than the limits you carry for uninsured motor vehicle coverage under this policy * * *.

" * * *

"*An uninsured motor vehicle does not include a land motor vehicle:*

"1. *insured under the liability coverage of this policy;*

"2. furnished for the regular use of you, your spouse or any relative * * *." (Emphasis added.)

Under State Farm's "household exclusion," an insured's own automobile can never be an uninsured or underinsured vehicle in a one-car accident.

The validity of State Farm's policy exclusion depends on whether it conforms to the requirements of R.C. 3937.18. R.C. 3937.18(A) requires insurance companies to offer uninsured and underinsured motorist coverage to Ohio residents and provides in relevant part:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability * * * coverage and shall provide protection for bodily injury * * *, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* because of bodily injury * * *;

"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability * * * coverage and shall provide protection for an insured against loss for bodily injury * * *, where the limits of coverage available for payment to the insured under all liability bonds and insurance policies *covering persons liable to the insured* are less than the limits for the insured's uninsured motorist coverage at the time of the accident. * * *" (Emphasis added and deleted in part.)

State Farm argues that (as to claims by an insured or a family member) it is reasonable to eliminate uninsured and underinsured motorist coverage for an automobile insured under the liability provision of the policy and furnished for the regular use of the insured or his family. We disagree.

Any contractual restriction on the coverage mandated by R.C. 3937.18 must comply with the statute's purpose. *Ady v. West American Ins. Co.* (1982), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547, syllabus. Policy restrictions that vary from the statute's requirements are unenforceable. *Sexton v. State*

*Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 433, 23 O.O.3d 385, 386, 433 N.E.2d 555, 558.

R.C. 3937.18(A)(1) and (2) are premised on the tortfeasor's *legal liability* to the injured insured. See *Kurent v. Farmers Ins. of Columbus* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533. Thus, the intent of the statute is to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage.

State Farm's household exclusion ignores the statute's basic premise, to wit: the tortfeasor's legal liability to the insured. The State Farm policy eliminates uninsured and underinsured motorist coverage based solely on the fact that the tortfeasor is driving the insured's automobile. By excluding coverage for torts that occur in the insured's vehicle, State Farm seeks to escape from part of the uninsured motorist coverage that R.C. 3937.18 requires it to provide.

In essence State Farm's exclusion is an attempt to change Ohio's tort law, by contractual definition, in order to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18. This it cannot do. Accordingly, State Farm's exclusion is unenforceable because it conflicts with R.C. 3937.18.

State Farm urges us to find the exclusion reasonable based on *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, paragraph two of the syllabus. While *Dairyland* can be distinguished on its facts, our analysis of the present case leads us to revisit the rationale of *Dairyland* and to reject the basis upon which *Dairyland* was decided.

*Dairyland* involved a similar policy exclusion. That exclusion eliminated uninsured motorist coverage for a vehicle owned by, or furnished for the regular use of, the insured or that person's husband or wife. *Id.* at 362, 513 N.E.2d at 1327. A wife brought suit against her husband's estate for injuries she received while riding as a passenger in the car her husband was driving. *Id.* at 360, 513 N.E.2d at 1325. We found the exclusion reasonable, *id.* at paragraph two of the syllabus, even though we had abolished interspousal immunity in *Shearer v. Shearer* (1985), 18 Ohio St.3d 94, 18 OBR 129, 480 N.E.2d 388, at paragraph two of the syllabus.[2]

---

2. The *Dairyland* decision followed and extended *Shearer*. *Dairyland*, at paragraph two of the syllabus. *Shearer* abolished interspousal immunity but left the marketplace to determine whether insurance would be sold with or without a family exclusion. *Shearer, supra,* at 101, 18 OBR at 135, 480 N.E.2d at 395. The *Dairyland* and *Shearer* decisions were based in part on

Our decision in *Dairyland* was in error because it conflicted with R.C. 3937.18 by allowing the insurer to contractually eliminate uninsured motorist coverage where one spouse became legally liable to the other for personal injuries. Like the insurance policy in the case before us, the insurance policy in *Dairyland* denied coverage to one category of plaintiffs who would otherwise be entitled to recover under Ohio tort law.

Accordingly we hold that an automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law.

Having determined that State Farm's policy exclusion is invalid, we address State Farm's assertion in oral argument that Cosey was not underinsured because his liability coverage was not less than Alexander's uninsured motorist coverage.

Under R.C. 3937.18(A)(2), Cosey is underinsured if " * * * the limits of coverage *available for payment to the insured* under all liability bonds and insurance policies covering * * * [him] are less than the limits for the insured's uninsured motorist coverage at the time of the accident. * * * " (Emphasis added.)

Alexander purchased $50,000 of uninsured motorist coverage from State Farm. At the time of the accident Cosey had liability coverage from his insurer, Atlantic Casualty, in the amount of $12,500. In addition, State Farm covered Cosey (under the liability provision of Alexander's policy) in the amount of $50,000. State Farm asserts that the total liability insurance available for Cosey was $62,500. State Farm argues that $62,500 was not less than Alexander's uninsured motorist coverage. We disagree.

R.C. 3937.18(A)(2) specifically refers to the tortfeasor's liability coverage "available for payment to the insured." In this case, only $12,500, representing Cosey's liability coverage from Atlantic Casualty, was *available for payment* to Alexander. State Farm's $50,000 liability coverage for Cosey was not available for payment to Alexander because the policy specifically excluded Alexander from recovering liability insurance under his own policy. Because the $12,500 in liability coverage available for payment to Alexander is

---

allowing insurance companies to protect themselves against fraudulent suits. *Dairyland, supra,* at 365, 513 N.E.2d at 1329; *Shearer, supra,* at 100–101, 18 OBR at 135, 480 N.E.2d at 395. The possibility of fraudulent suits is not sufficient to override the provisions of R.C. 3937.18. If fraud can in fact be shown, that would present issues beyond those that are before us in this case.

less than Alexander's $50,000 uninsured motorist coverage, Alexander is entitled to underinsured motorist coverage from State Farm.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I dissent from this majority opinion for two basic reasons. One, the exclusionary language of this contract of insurance is clear and unambiguous, and does not contravene the statutory mandate of R.C. 3937.18(A). Also, it is my view that such exclusionary language does not conflict with this court's prior holding in *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324.

The liability exclusion for injury to Percy Alexander contained in the policy is reasonable and valid and should not be abrogated through this collateral attack judicially applying underinsured motorist coverage to this insured automobile owned by Alexander. The policy language declaring that an uninsured motor vehicle, within the meaning of the policy, is not a vehicle insured under the liability coverage of the policy is valid and reasonable and should be enforceable. This is particularly so here where the type of coverage Percy Alexander is demanding is, in fact, available in the market-place.

*Dairyland* does provide supportive language for the proposition that an exclusionary clause in a liability portion of a policy should not, *ipso facto*, make the insured eligible for uninsured motorist coverage. The *Dairyland* court cited with approval *Holt v. State Farm Mut. Auto. Ins. Co.* (Tenn.1972), 486 S.W.2d 734, 737, for the following analysis:

" 'The intent of the statute is to require automobile liability insurance companies to provide their insureds protection against drivers of vehicles without liability coverage.

" 'The car in which the * * * [plaintiff] was riding, at the time of the accident, was covered by a liability insurance policy. This coverage was not available to him because he was [as a family member] specifically excluded * * * and not because of lack of liability protection.' " *Id.* at 364, 513 N.E.2d at 1328–1329.

This same principle that the intent of the statute is to require automobile liability insurance companies to provide their insureds protection against drivers of other vehicles without liability coverage should be applied here.

Additionally, to arrive at the conclusion of this majority, it is not necessary to overrule *Dairyland*. *Dairyland* was decided only within the context of intrafamilial exclusions in insurance policies and whether such exclusions violated R.C. 3937.18. The thrust of *Dairyland* was that the prior history of interspousal immunity, along with the potential for collusive suits, outweighed the public policy evidenced by the statute. Here, the insurance company has excluded the coverage when the automobile being driven is that of the insured. These situations are legally significantly different and may reasonably be distinguished.

WRIGHT, J., concurs in the foregoing dissenting opinion.