**94–103.** State v. D'Ambrosio. *Cuyahoga County,* No. 57448. Motion filed *pro se* to withdraw counsel and appoint new counsel. Motion denied.

RESNICK and PFEIFER, JJ., dissent.

F.E. SWEENEY, J., not participating.

**94–2140.** Montpelier Pub. Library v. Williams Cty. Budget Comm. Board of Tax Appeals, Nos. 86–F–1282 and 88–F–838. On request for argument before full court. Request denied.

**94–2141.** Robb v. Chagrin Lagoons Yacht Club, Inc. *Lake County,* No. 93–L–064. On motion for substitution of parties: Letitia Graham for James Graham. Motion granted.

**94–2201.** Ed Schory & Sons, Inc. v. Francis. *Stark County,* No. 9474. On motion to supplement record. Motion granted.

**94–2512.** State v. Tanner. *Wayne County,* No. 2899. On motion for leave to file delayed appeal. Motion denied.

MOYER, C.J., dissents.

COOK, J., not participating.

**94–2534.** Middleton v. Cuyahoga Cty. Bd. of Revision. Board of Tax Appeals, No. 94–K–468. On motion to consolidate case with 94–2399, *Middleton v. Cuyahoga Cty. Bd. of Revision,* Board of Tax Appeals, No. 93–G–1407, and 94–2109, *Middleton v. Cuyahoga Cty. Bd. of Revision,* Board of Tax Appeals, No. 94–P–158. Motion denied.

COOK, J., dissents.

**95–300.** Middleton v. Cuyahoga Cty. Bd. of Revision. Board of Tax Appeals, No. 94–K–1137. On motion to consolidate 94–2399, *supra,* with this cause and to adopt appellee's brief in case No. 94–2399. Motion granted.

WRIGHT, J., dissents.

**95–587.** Time Warner AxS v. Pub. Util. Comm. Public Utilities Commission, No. 93–487–TP–ALT. On motion for leave to intervene by Ameritech Ohio and on motion for leave to intervene by Office of the Ohio Consumers' Counsel et al. Motions granted.

**95–588.** AT & T Communications of Ohio, Inc. v. Pub. Util. Comm. Public Utilities Commission, Nos. 93–487–TP–ALT and 93–576–TP–CSS. On motion for leave to intervene by Ameritech Ohio and on motion for leave to intervene by Office of the Ohio Consumers' Counsel et al. Motions granted.

**95–589.** MCI Telecommunications Corp. v. Pub. Util. Comm. Public Utilities Commission, Nos. 93–487–TP–ALT and 93–576–TP–CSS. On motion for leave to intervene by Ameritech Ohio and on motion for leave to intervene by Office of the Ohio Consumers' Counsel et al. Motions granted.

**95–824.** Wilburn v. Allstate Ins. Co. *Butler County,* No. CA94–06–135. On review of order certifying a conflict. The court determines that a conflict exists. This cause was certified on the issue of "whether physical contact limitations on uninsured motorists coverage are valid and enforceable in light of *State Farm [Auto. Ins. Co.] v. Alexander* (1992), 62 Ohio St.3d 397 [583 N.E.2d 309], and R.C. 3937.18." *Sua sponte,* cause held for the decision in 94–2765, *Girgis v. State Farm Mut. Auto. Ins. Co.,* Cuyahoga County, No. 66970; briefing schedule stayed.

**95–912.** Coleman v. Sandoz Pharmaceuticals Corp. Certified State Law Question, No. 3:91CV7573. On preliminary memoranda pursuant to S.Ct.Prac.R. XVIII(6). The court will answer all three questions certified by the United States District Court for the Northern District of Ohio, Western Division:

"The first question of law presented in the instant case, therefore, is whether *Gallimore [v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052] is retroactive so that Brandi Coleman may maintain a cause of action for loss of parental consortium even though the incident at issue took place before *Gallimore* was decided. Second, if *Gallimore* is retroactive, the question becomes whether Brandi Coleman's loss of parental consortium claim is outside of [*sic*] the statute of limitations because it was not joined with Janette Coleman's case, or whether such requirement does not apply in this case because it was not feasible. Third, in a case such as this where the intervening