[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1224.]

WAYNE MUTUAL INSURANCE COMPANY, *v*. MILLS ET AL.; THORN, APPELLANT; PROGRESSIVE PREFERRED INSURANCE COMPANY, APPELLEE.

[Cite as *Wayne Mut. Ins. Co. v. Mills*, 1998-Ohio-346.]

*Appeal dismissed as improvidently allowed.*

(No. 96-2113—Submitted December 10, 1997—Decided February 11, 1998.)

APPEAL from the Court of Appeals for Wayne County, No. 95-CA-0091.

————————————

*Elk & Elk Co., L.P.A.,* and *Todd O. Rosenberg*, for appellant.

*Daniel D. Domozick* and *Eugene G. Gillis; Myers, Hentemann & Rea Co., L.P.A.*, and *Henry A. Hentemann*, for appellee.

————————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**FRANCIS E. SWEENEY, SR., J., dissenting.**

{¶ 2} I write separately to express my view that the appellate court's decision is consistent with R.C. 3937.18 and our holdings in *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, and *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438.  I would retain jurisdiction and affirm the court of appeals for the following reasons.

{¶ 3} In this case, Jason M. Hewitt, a teenager, while operating his mother's Chevrolet Cavalier, was involved in an automobile accident.  He and three friends (one of whom was Thomas N. Thorn, appellant), sustained injuries, one fatally.  Although Hewitt's mother carried automobile insurance on the vehicle, an

endorsement in the policy specifically excluded Hewitt from coverage. Hewitt's mother requested this endorsement in order to have her insurance premiums lowered. The endorsement was upheld in a separate proceeding as providing no coverage under the policy when Hewitt operated the vehicle. Hewitt had his own insurance with Progressive Preferred Insurance Company ("Progressive"), appellee, which covered his car, a Ford Mustang. Hewitt, his mother, and appellant sought a declaration of their rights to uninsured/underinsured coverage under the Progressive policy. The trial court entered judgment against Progressive. The court of appeals reversed the trial court.

{¶ 4} Progressive argued against coverage to the passengers because Hewitt was not driving an "insured car" under his own policy. The policy defined "insured person" under the uninsured/underinsured portion of the policy as "(a.) [y]ou or any relative; (b.) *any person* while occupying your *insured car*." (Emphasis added.) "Insured car" was defined as any car described on the Declarations Page and any replacement car. Thus, according to the terms of the contract, Hewitt's passengers' coverage, derivative in nature, required the existence of an insured car.

{¶ 5} Progressive claimed that the Cavalier was not an insured car, since it was not listed on the declarations page of the policy, nor was it considered a replacement car. Therefore, because the passengers were not occupying an insured car, they were not entitled to coverage.

{¶ 6} Appellant does not argue that the Cavalier was an insured car. Instead, appellant relies on *Martin,* and its predecessor, A*lexander,* to contend that once Progressive chose to insure passengers, its limitation that the passengers must be occupying an insured car contravenes public policy and is, therefore, void under R.C. 3937.18. Appellant misreads R.C. 3937.18 and misconstrues *Martin* and *Alexander*.

{¶ 7} R.C. 3937.18(A) provides for the mandatory offering of uninsured/underinsured motorist coverage but only "for the protection of *persons*

2

*insured thereunder*." (Emphasis added.) *Martin*, which relied upon *Alexander*,[1] held that the statute mandates coverage *if the claimant is an insured* under a policy which provides uninsured/underinsured motorist coverage. Neither *Martin* nor *Alexander* prohibits the parties to an insurance contract from defining who is to be an "insured person" under the terms of the policy. The Progressive exclusion is a valid limitation. Public policy does not mandate uninsured/underinsured motorist coverage for passengers occupying a non-insured car.

COOK and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

————————————

————————————

1. *Martin* follows a line of precedent that only an insured under an uninsured/underinsured motorist provision can recover under the insurance policy for injury or wrongful death. *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 91, 526 N.E.2d 1089, 1093.