OPINION
On September 10, 1995, Michael Reber, a passenger in a vehicle being driven by Jamison Gambucci, was severely injured when the vehicle was involved in a one car rollover accident. The vehicle was owned by Mr. Gambucci's father, Gregory Gambucci, and was insured by appellee, United Services Automobile Association. Jamison Gambucci was not insured under this policy pursuant to a named driver exclusion. At the time of the accident, Jamison Gambucci was insured under a policy issued by Progressive Insurance Company, and Mr. Reber was insured under a policy issued to his parents by appellant, Cincinnati Insurance Company. Following a lawsuit filed by Mr. Reber against the Gambuccis and appellant, Mr. Reber received $75,000: $12,500 from Progressive, $5,000 from Gregory Gambucci, and $57,500 from appellant under the uninsured/underinsured motorist coverage of its policy with Mr. Reber's parents. Appellant then sought recovery from appellee under appellee's uninsured/underinsured motorist coverage of its policy with Gregory Gambucci. On December 22, 1997, appellee filed a complaint for declaratory judgment indicating the Gambuccis were not entitled to coverage or a defense under its policy pursuant to the named driver exclusion. On April 20, 1998, appellant filed a counterclaim against appellee seeking recovery of its $57,500 payment to Mr. Reber claiming appellee had the primary obligation under its uninsured/underinsured motorist coverage. On June 29, 1998, appellant filed a motion for summary judgment claiming Mr. Reber was entitled to uninsured/underinsured motorist coverage under appellee's policy as the named driver exclusion was invalid. On August 6, 1998, appellee filed a brief in opposition and a cross-motion for summary judgment claiming Mr. Reber was not entitled to any coverage under its policy. By opinion and judgment entry filed August 21, 1998, the trial court found appellee's policy did not apply in the accident involving Mr. Reber. The trial court denied appellant's motion for summary judgment and granted appellee's cross-motion for summary judgment. On September 8, 1998, Gregory Gambucci filed a counterclaim against appellee claiming he was entitled to liability coverage and a defense under appellee's policy as against the negligent entrustment claim filed against him by Mr. Reber. On February 4, 1999, the Gambuccis filed a brief in opposition to appellee's August 6, 1998 cross-motion for summary judgment and moved for partial summary judgment on the counterclaim. By judgment entry filed July 27, 1999, the trial court denied the Gambuccis' motion for partial summary judgment, finding they were not entitled to any coverage under appellee's policy or to a defense in light of the named driver exclusion. Appellant filed appeals on both the August 21, 1998 and July 27, 1999 judgment entries. This matter is now before this court for consideration. Assignment of error is as follows:
 I
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATION AND IN DENYING SUMMARY JUDGMENT TO DEFENDANT CINCINNATI INSURANCE COMPANY.
 I
Appellant claims the trial court erred in granting summary judgment to appellee. Specifically, appellant claims the trial court erred in finding the named driver exclusion under appellee's policy precluded coverage to Mr. Reber, an underinsured motorist. We agree. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472,364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Pursuant to a named driver exclusion, Jamison Gambucci was specifically excluded as a driver of Gregory Gambucci's vehicle insured under appellee's policy. Appellee's policy under the title of uninsured motorist coverage includes the following language in pertinent part: Definitions A. Covered person as used in this endorsement:
1. You or any family member.
2. Any other person occupying your covered auto.
 3. Any person who is legally entitled to recover damages because of BI [bodily injury] to which this coverage applies sustained by a person described in 1. or 2., above.
* * *
 INSURING AGREEMENT
We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an insured motor vehicle because of:
1. BI sustained by a covered person and caused by an accident.
* * *
We will pay UM coverage only if 1, or 2, below applies:
 1. The limits of liability under any applicable BI liability bonds or policies have been exhausted by payment of judgments or settlements; * * *
See, Appellee's Policy at A013(06) 1-95 Page 1 of 3 attached to Appellant's Brief as Exhibit B.
Appellant argues there is no written waiver of uninsured/underinsured motorist coverage for Jamison Gambucci under appellee's policy and therefore, by operation of law, said coverage is available sub judice. In support, appellant cites the case of Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, wherein the Supreme Court of Ohio held the following at paragraphs one and two of the syllabus: 1. There can be no rejection pursuant to R.C. 3937.18(C) absent a written offer of uninsured motorist coverage from the insurance provider.
2. In order for a rejection of uninsured motorist coverage to be expressly and knowingly made, such rejection must be in writing and must be received by the insurance company prior to the commencement of the policy year.
Appellee argues Gyori does not apply because of the named driver exclusion. Appellee argues with the named driver exclusion excluding Jamison Gambucci from the policy, there was never any uninsured/underinsured motorist coverage available when Jamison Gambucci was driving. Therefore, appellee argues there was no need to have a written rejection of the uninsured/underinsured motorist coverage in light of the fact that Jamison Gambucci was an excluded driver under the policy. We disagree with appellee's position. The wording of the uninsured/underinsured motorist coverage cited above clearly indicates it covers persons "occupying your covered auto" regardless of who is operating the vehicle. Given the clear and unambiguous language of the uninsured/underinsured motorist coverage in appellee's policy, we find absent a written rejection of said coverage pursuant to R.C.3937.18(A), the coverage is available sub judice. Mr. Reber was a person occupying an auto covered by appellee's policy, and met the following requirements as set forth by the Supreme Court of Ohio in Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478,481: Instead, this court made clear that R.C. 3937.18 is the yardstick by which all exclusions of uninsured motorist coverage must be measured. Under Alexander [State Farm Auto. Ins. Co. v. (1992), 62 Ohio St.3d 397], the statute mandates coverage if (1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law.
Upon review, we conclude Mr. Reber was an underinsured person who met the definition of a "covered person" under the uninsured/underinsured motorist coverage of appellee's policy. The trial court erred in granting summary judgment to appellee. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded.
HOFFMAN, P.J. and READER, V.J. concur.