Respectfully, I dissent. I believe that the named-driver exclusion in this case was a valid exclusion.
The named-driver exclusion appeared on a separate form and was signed by appellant and John Griffin. The exclusion clearly states that Progressive will not pay for any claim arising from an accident which occurs while appellant's insured car was being driven by John Griffin.
An insurance policy may contain contractual limits on uninsured motorist coverage if the restriction complies with R.C. 3937.18. See State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397. The insured may waive uninsured motorist coverage. R.C. 3937.18(C). The waiver is required to be in writing. Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565. To make a conscious decision to reject coverage, an insured must be aware of such a provision, understand its terms, and agree to it. Ady v. West American Ins. Co. (1982),69 Ohio St.2d 593, 597. Any rejection of coverage should be conspicuous, written in clear and easy to understand language, and the insured should explicitly agree to the restriction on coverage. Id.
The endorsement was conspicuous as it was printed on its own page and separately signed. See Wayne Mutual Insurance Co. v. Mills, (July 17, 1996) Wayne App. No. 95CA0083, unreported; Johnston v. Indiana Ins. Co. (Mar. 8, 1996), Putnam App. No. 12-95-11, unreported. The endorsement was written in simple, clear, and concise language that could only be understood to constitute an express rejection of all coverage, including uninsured motorist, if Griffin operated appellant's vehicle. See Wayne, Johnston, supra; Kennison v. Progressive Ins. Co. (May 3, 1996), Lake App. No. 95-L-080, unreported (endorsement with same language as the endorsement in this case.)
R.C. 3937.18 does not require an insurance company to provide coverage when there is a valid waiver that is not contrary to public policy. See Kennison, supra; Brownlee v. Motorists Mutual Insurance Co. (April 28, 1988), Cuyahoga App. No. 52760, unreported; see also West American Insurance Co., Appellee v. House of Day Funeral Service (Mar. 15, 1991), Lucas App. No. L 90-044, unreported. R.C. 3937.30(B)(3) specifically permits a driver exclusion of a spouse who lives in the same household, if the excluded spouse signs the endorsement. Kennison, Brownlee, supra.
The majority states that R.C. 3937.30(B)(3) only allows an exclusion for liability coverage, not uninsured motorist coverage. This statute does not specify that an exclusion for liability coverage is proper, while an exclusion for uninsured motorist coverage is not. The driver exclusion does not conflict with Alexander, supra, because it is not an exclusion contrary to public policy, and it is a clear waiver of coverage.
The majority relies upon United Servs. Auto. Assn. v. Gambucci (Feb. 18, 2000), Richland App. No. 99CA65, unreported. It was not clear in Gambucci whether the driver exclusion appeared on a separate, signed document or whether the language of the exclusion clearly excluded coverage whenever the excluded driver drove the vehicle. In this case, there was a separate signed document which clearly stated that there would be no recovery when Griffin drove appellant's car.
The Twelfth District found that a named-driver exclusion was valid in Newkirk v. State Farm Mutual Ins. Co. (June 1, 1999), Preble App. No. CA98-05-005, unreported. Appellant asserted that because Newkirk was reversed and remanded by the Supreme Court, named-driver exclusions are not valid. See Newkirk v. State Farm Mutual (2000), 88 Ohio St.3d 402. The Supreme Court reversed Newkirk based on the Twelfth District's application and interpretation of Senate Bill 20 amendments to R.C.3937.18. See Id., citing Wolfe v. Wolfe (2000), 88 Ohio St.3d 246 and Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27. The Supreme Court's reversal of Newkirk is immaterial to the case at hand because Senate Bill 20 clearly does not apply to the case at hand. In this case, the contract of insurance was entered into before the effective date of S.B. 20.
Newkirk refers to a prior Twelfth District opinion which held that a particular driver exclusion did not comply with the Supreme Court of Ohio's decision in Alexander. Heindel v. Luke (Apr. 22, 1996), Brown App. No. CA95-12-025, unreported. In Heindel, the excluded family member was not driving the vehicle when it was struck by the uninsured motorist. The named-driver exclusion could not apply in Heindel, because the family member was not driving. In this case, the excluded driver was driving the appellant's vehicle car. This was the precise exclusion agreed to by the parties.
The language of the insurance contract clearly indicate that appellant agreed that there would be no coverage when Griffin was driving the car. The trial court did not err in granting Progressive's motion for summary judgment.
Accordingly, I would overrule the appellant's assignments of error and affirm the trial court's decision.