OPINION
On July 18, 1998, appellant, Richard Robson, was a passenger in a motor vehicle being operated by his wife, Betty Robson. The vehicle smashed into a utility pole and burst into flames. Appellant sustained permanent injuries.
At the time of the accident, appellant and his wife were insured under a policy issued by appellee, Allstate Insurance Company. Said policy provided for bodily injury liability coverage in the amount of $100,000 per person and $300,000 per occurrence. Appellee denied coverage claiming an intrafamily exclusion. Appellant sought coverage under the uninsured motorist portion. Again, appellee denied coverage claiming the vehicle was an insured vehicle under the policy.
On March 10, 2000, appellant filed a complaint against appellee and his wife alleging negligence and seeking declaratory relief. On October 27, 2000, appellant voluntarily dismissed his wife.
On December 15, 2000, appellant filed a motion for partial summary judgment claiming he was entitled to coverage under the uninsured motorist portion of the policy. On December 19, 2000, appellee filed a motion for summary judgment claiming the uninsured motorist portion did not apply because the vehicle was an insured vehicle under the policy. By judgment entry filed January 26, 2001, the trial court denied appellant's motion and granted appellee's motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ALLSTATE INSURANCE COMPANY ("ALLSTATE") BY ALLOWING THE INTRAFAMILY EXCLUSION AND THE INSURED AUTO EXCLUSION CONTAINED WITHIN ALLSTATE'S POLICY TO DENY UNINSURED MOTORIST COVERAGE PROVIDED TO APPELLANT UNDER THE POLICY.
 II THE TRIAL COURT ERRED IN GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT, AS SUCH A DENIAL OF UNINSURED MOTORIST COVERAGE IS NOT PERMITTED BY O.R.C. 3937.18, IS AGAINST PUBLIC POLICY, AND IS VOID UNDER OHIO LAW.
 III THE TRIAL COURT ERRED IN HOLDING THAT ALLSTATE'S POLICY EXCLUSIONS DENIED APPELLANT UNINSURED MOTORIST COVERAGE UNDER HIS POLICY WITH ALLSTATE, SINCE SUCH AN INTERPRETATION IS UNCONSTITUTIONAL PURSUANT TO BOTH THE OHIO AND U.S. CONSTITUTIONS AS A VIOLATION OF EQUAL PROTECTION, SPECIAL LEGISLATION, OPEN COURTS, AND RIGHT-TO-A-REMEDY PROVISIONS.
 I
Appellant claims the trial court erred in granting summary judgment to appellee by finding the intrafamily exclusion of the policy denied appellant the right to pursue uninsured motorist coverage. We disagree.
Appellant argues the intrafamily exclusion of the policy renders his wife an uninsured motorist. As a result of the exclusion, appellant argues he is entitled to have the uninsured motorist portion of the policy construed liberally in his favor. Appellant also argues the intrafamily and insured auto exclusions are unenforceable.
It is undisputed that the intrafamily exclusion contained in the liability policy in question specifically excludes appellant from coverage as a result of his wife's sole negligence:
Exclusions-What is Not Covered
 Allstate will not pay for any damages an insured person is legally obligated to pay because of:
* * *
 Bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household.
 See, Part 1, Automobile Liability Insurance at 7-8, attached to Complaint filed March 1, 2000.
Therefore, there is no coverage under the main policy by operation of the policy language.
Appellant argues he should be covered under the uninsured motorist portion. Under R.C. 3937.18 as applicable to appellee's policy, insurers are permitted to exclude certain classes of individuals:
 The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
* * *
 When the bodily injury or death is caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy under which the uninsured and underinsured motorist coverages are provided.
 As used in this section, `uninsured motor vehicle' and `underinsured motor vehicle' do not include any of the following motor vehicles:
* * *
 A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured;
Appellee argues these provisions have been utilized as exclusions in appellant's policy. Appellee argues the following provision excluded appellant's right to recover under the uninsured motorist portion of the policy:
An Uninsured Auto is Not:
* * *
 a motor vehicle which is insured under the Automobile Liability Insurance of this policy.
 See, Part 3, Uninsured Motorists Insurance at 12, attached to Complaint filed March 1, 2000.
Appellant argues the above provision does not qualify under R.C.3937.18(J)(3) because the statute includes persons "who" are excluded and appellee's provision only covers vehicles. Appellant further argues the above provision is inconsistent with the following provision defining "An Uninsured Auto" thereby making the policy internally contradictory:
An Uninsured Auto is:
 a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident.
* * *
 A motor vehicle for which the insurer denies coverage or becomes insolvent.
 See, Part 3, Uninsured Motorists Insurance at 12, attached to Complaint filed March 1, 2000.
Appellant argues the policy's language directly contradicts itself by defining an uninsured auto as one where coverage is denied but is not one under the definition of what an uninsured auto is not. Although the semantics of this argument may well be best left to an English professor, we cannot find the provisions are ambiguous or contradictory.The policy creates layers of uninsured auto coverage: one not covered by any insured and one covered by appellee specifically. The first coverage in Part 3 refers to autos where coverage is denied and the second coverage is when the auto involved is covered under the policy. As a result of these two layers, the provisions of R.C. 3937.18(J)(3) have been met. Further, the language under "An Uninsured Auto Is Not" mirrors the exclusions allowable under R.C. 3937.18(K)(2). From our analysis, we find the policy's language has properly followed the allowable exclusions of the statute. We do not find the complained of provisions to be ambiguous when read with the policy language of the uninsured motorist coverage as a whole.
Appellant also argues the intrafamily and insured auto exclusions are unenforceable. We cannot find any provision to be unenforceable in a contract law setting. The amended statute appears to have specifically addressed the concerns of the Supreme Court of Ohio as stated in StateFarm Automobile Insurance Co. v. Alexander (1992), 62 Ohio St.3d 397,400:
 In essence State Farm's exclusion is an attempt to change Ohio's tort law, by contractual definition, in order to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18. This it cannot do. Accordingly, State Farm's exclusion is unenforceable because it conflicts with R.C. 3937.18.
Contractually, appellant and appellee agreed to the policy's family tort immunity language. It would only follow logically that the agreed immunity of the underlying policy would apply to the uninsured motorist portion of the policy. Without uniformity in its application, why include the immunity language? If the policy excluded coverage, why would the policy give it back via the uninsured motorist portion of the policy?[1]
Upon review, we conclude the trial court was correct in granting judgment for appellee.
Assignment of Error I is denied.
 II
Appellant argues the policy sub judice is an attempt to thwart R.C.3937.18 and is against public policy. We disagree.
In support of this position, appellant cites Moore v. State AutomobileMutual Insurance Co. (2000), 88 Ohio St.3d 27, as a barometer of the current disposition of the Supreme Court of Ohio in regard to amended R.C. 3937.18. Appellant argues the purpose of R.C. 3937.18 is to provide coverage to persons who would otherwise not be compensated. Apart from the Pandora's box such a statement opens, we find it appears to be the specific intent of the Ohio General Assembly to allow insurance carriers to contractually limit their exposure. The legislature did so by providing for the exceptions of subsection (J). We will not, in our position as an appellate court, seek to redefine or restructure the statutory scheme clearly defined by the Ohio General Assembly.
Assignment of Error II is denied.
 III
Appellant claims for the first time that R.C. 3937.18, as amended per H.B. No. 261, effective September 3, 1997, is unconstitutional. Appellee has responded by filing a motion to strike appellant's "Confirmation of Notification of Attorney General" pursuant to R.C. 2721.12.
"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, syllabus. While we acknowledge this waiver doctrine is discretionary, In re M.D. (1988), 38 Ohio St.3d 149, we have consistently followed the dictates of Awan. State v. Lawhon (1998), Muskingum App. No. CT97-023, unreported. We hereby deny the assignment of error and grant appellee's motion to strike.
Assignment of Error III is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J., Hon. Sheila G. Farmer, J. and Hon. John F. Boggins, J. concur.
[1] We note there are other parallel exclusions in this policy i.e.,
drag racing is specifically excluded under the main policy and a drag racer would not qualify as an uninsured motorist.