JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Edward Ratkosky, appeals the decision of the Cuyahoga County Common Pleas Court that granted the motion for summary judgment filed by defendant-appellee, Allstate Insurance Company, on appellant's complaint for damages. For the reasons that follow, we reverse.
 {¶ 2} The record reveals that, on June 9, 2000, appellant was a passenger in a car driven by his brother, Jeffrey Ratkosky, when the latter negligently drove off the road causing appellant to sustain serious injuries. No other vehicles were involved in the accident. In February 2002, appellant filed a two-count complaint against Scottsdale Surplus Lines Insurance Company ("Scottsdale"), Allstate Insurance Company ("Allstate") and Jeffrey Ratkosky ("Jeffrey") seeking compensation for these injuries.
 {¶ 3} Under Count I of his complaint, appellant alleged that Jeffrey was an uninsured motorist entitling appellant to uninsured motorist ("UM") coverage under a policy of liability insurance issued by Scottsdale to appellant's employer, Fallen Tree, Inc. Under Count II of his complaint, appellant sought UM coverage under a policy of automobile insurance issued by Allstate to Michael Cropper ("Cropper"), the father of appellant and Jeffrey and with whom the brothers resided at the time of the accident. Scottsdale, Allstate and Jeffrey answered the complaint. Scottsdale and Allstate counterclaimed for declaratory judgment and the latter cross-claimed Scottsdale for indemnification/contribution.
 {¶ 4} Allstate subsequently moved for summary judgment claiming that UM coverage was not available because Jeffrey was driving a vehicle insured under the policy, as defined by the policy's language and R.C.3937.18(K). Appellant, therefore, was not injured by an uninsured motorist and consequently not entitled to UM coverage according to Allstate. Appellant, on the other hand, countered that (1) the Allstate policy eliminated liability coverage for the accident by virtue of the family member exclusion thereby making Jeffrey an uninsured motorist; and (2) R.C. 3937.18 is ambiguous and should be resolved in favor of providing UM coverage.
 {¶ 5} The trial court eventually granted Allstate's motion, denied appellant's cross-motion and declared that appellant was not entitled to UM coverage under the Allstate policy. Appellant thereafter voluntarily dismissed the remaining claims against all parties while Allstate dismissed its counterclaim and cross-claim against appellant and Scottsdale, respectively.[1]
 {¶ 6} Appellant is now before this court and argues in his sole assignment of error that the trial court erred in granting summary judgment to Allstate and in denying his contemporaneous cross-motion seeking the same relief.[2]
 {¶ 7} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivichv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
 {¶ 8} The Allstate policy at issue in this case contains an intrafamily exclusion that precludes liability coverage for "[b]odily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household." Appellant does not challenge the applicability of this exclusion or that Allstate was justified in denying liability coverage based on this exclusion.
 {¶ 9} Appellant contends, however, that by virtue of that denial, Jeffrey became an uninsured motorist entitling appellant to UM coverage. He relies on the policy's language defining an "uninsured auto" as "a motor vehicle for which the insurer denies coverage." Allstate, on the other hand, maintains that it is only obligated to provide UM coverage for "damages which an insured person * * * [i]s legally entitled to recover from the owner or operator of an uninsured auto * * *." As defined by both the policy and R.C. 3938.18(K)(1) and (K)(2),[3] an "uninsured auto" does not include "[a] motor vehicle that has applicable liability coverage in the policy under which the uninsured * * * motorist coverages are provided" or "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured." Because the vehicle involved in the accident was insured under the policy and owned by the named insured or furnished for the regular use of Jeffrey, a resident relative, Allstate maintains that there was no uninsured auto entitling appellant to UM coverage.
 {¶ 10} Appellant, on the other hand, counters that R.C.3937.18(J)(1) and 3937.18(K)(2) are irreconcilable rendering R.C.3937.18(K)(2) unenforceable. R.C. 3937.18(J)(1) provides that an insurer offering UM coverage may include terms in its policy of insurance that preclude coverage for bodily injury suffered by an insured "[w]hile the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *." Known as the "other-owned-auto" exclusion, appellant argues that subdivision (J)(1) appears to provide UM coverage when the vehicle is specifically listed in the policy while (K)(2), otherwise referred to as the "household" exclusion, eliminates any such coverage even if that vehicle is so listed.
 {¶ 11} Before the effective date of H.B. 261, an attempt to limit UM coverage in a policy of insurance was generally found to be inconsistent with the intent and purpose of former R.C. 3937.18 and unenforceable. See State Farm Auto Ins. Co. v. Alexander (1992),62 Ohio St.3d 397, overruling Dairyland Ins. Co. v. Finch (1987),32 Ohio St.3d 360, paragraph two of the syllabus; see, also, Martin v.Midwestern Group Ins. (1994), 70 Ohio St.3d 478. Nonetheless, H.B. 261 amended R.C. 3937.18 and authorized insurers to limit UM coverage under certain circumstances. One such limitation is the other-owned-auto exclusion contained in R.C. 3937.18(J)(1), while another is the household exclusion contained in R.C. 3937.18(K)(2).
 {¶ 12} In Morris v. United Ohio Ins. Co., 4th Dist. No. 02CA2653, 2003-Ohio-1708, the Fourth Appellate District had the opportunity to address the compatibility of the other-owned-auto and household exclusions of R.C. 3937.18, as amended. Finding former R.C. 3937.18(K)(2) unenforceable because it conflicted with R.C. 3937.18(J)(1), the Morris
court stated:
 {¶ 13} "Initially, we acknowledge that the owned but uninsured exclusion of R.C. 3937.18(J)(1) is intended to limit coverage and not create it. After all, its avowed purpose is to allow policies to `preclude coverage.' But, in interpreting the language actually contained in the statute * * *(,) we cannot avoid the only logical conclusion one can draw from the following language: `if the motor vehicle is not specifically identified in the policy under which a claim is made.' The only logical inference one can draw from that language is that the (J)(1) exclusion from coverage is limited to vehicles that the claimant owns but has not covered under the policy. If the vehicle is listed in the uninsured motorist coverage, the exclusion cannot apply by its own terms, e.g., the claimant has purchased uninsured motorist coverage for that vehicle. A claimant in that situation is not attempting to stack coverage or `get something for nothing.' [He or s]he is simply attempting to claim coverage for which [he or s]he has paid a premium. We read (J)(1) to mean that you have no coverage for a vehicle you own unless it is listed in the policy. In that case, i.e., it is listed, it is a covered vehicle.
 {¶ 14} "Then we turn to the definitional provision of R.C.3937.18(K)(2) and find that it says in essence — your vehicle can never be an uninsured motor vehicle even if you list it and pay a premium for it. The fact that (K)(2) precludes uninsured motorist coverage in an accident where the claimant, a spouse, or resident family member owns the vehicle, renders the (J)(1) promise of coverage for a listed vehicle illusory in nature. Do these provisions, when read in conjunction, mean that the consumer is purchasing uninsured motorist coverage for accidents only when they are not caused by the claimant's own vehicle? When read on its own, (K)(2) certainly seems to relay that message. But, when we add (J)(1) to the mix, we are hard pressed to glean that meaning. In short, we find that (J)(1) and (K)(2) are so ambiguous as to be unenforceable when read together." Id. at ¶ 18-19.
 {¶ 15} Construing former R.C. 3937.18 under a similar factual scenario, the Sixth District Court of Appeals, in Kyle v. The BuckeyeUnion Ins. Co., 6th Dist. No. L-02-1166, 2003-Ohio-488, disagreed.
 {¶ 16} "Reading paragraphs (J)(1) and (K)(2) together, we see no inherent conflict. Rather, (J)(1) is limited by (K)(2) so that (J)(1) only applies in the context of an accident in which the insured is driving a vehicle not covered by the policy and the tortfeasor is not the named insured, spouse or resident relative of the named insured. Contrary to appellants' assertions, (J)(1) does not provide UM/UIM coverage for accidents in other-owned autos that are specifically identified in the policy." Id. at ¶ 13.
 {¶ 17} In cases involving statutory construction, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used. Erb v. Erb (2001), 91 Ohio St.3d 503, 507, citing Cleveland Elec. Illuminating Co. v. Cleveland (1988),37 Ohio St.3d 50, paragraph three of the syllabus. If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. State ex rel. Savarese v. BuckeyeLocal School Dist. Bd. of Edn. (1996), 74 Ohio St.3d 543. Where the words of the statute are ambiguous, however, the court must construe the language in a manner that reflects the intent of the General Assembly.Clark v. Scarpelli (2001), 91 Ohio St.3d 271, citing Cochrel v. Robinson
(1925), 113 Ohio St. 526, paragraph four of the syllabus.
 {¶ 18} In this case, we agree that subdivision (J)(1) is intended to limit rather than provide coverage for vehicles listed in the policy. Nonetheless, we are troubled by the fact that subdivision (J)(1) implies
that coverage is available if the vehicle is listed in the policy while subdivision (K)(2) makes it clear that, even if listed, coverage can never be available. This doublespeak militates against a finding that these statutory provisions are unambiguous and, therefore, reconcilable. Thus, to some extent, we agree with the Morris court and disagree with the court in Kyle.[4]
 {¶ 19} Finding ambiguity, however, does not end our review. We must construe the language contained in the statute so as to determine the intent of the legislature. We note that the legislature removed subdivision (K)(2) when it amended R.C. 3937.18 upon the enactment of S.B. 267, which became effective September 21, 2000. The act removes the exclusion of a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, described in (K)(2) from the definition of "uninsured motor vehicle" or "underinsured motor vehicle" as used in R.C. 3937.18(K). In effect, a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured is now an "uninsured motor vehicle" or an "underinsured motor vehicle" as the case may be.
 {¶ 20} While R.C. 3937.18(K) as amended by S.B. 267 does not affect our resolution of the issue in this case, the fact that subdivision (K)(2) was subsequently deleted by amendment does give us pause. It could be concluded that the legislature determined that subdivision (K)(2) was, at best, superfluous or, at the very least, internally conflicting. Whatever the case may be, subdivision (K)(2) is no longer part of the statute leading us to conclude that the legislature never intended it to be so.
 {¶ 21} This does not end our review, however. Despite our finding that R.C. 3937.18(K)(2) is unenforceable, Allstate contends that (K)(1) similarly justified the denial of UM coverage in this case because the vehicle involved in the accident had applicable liability coverage under its policy. Ordinarily this would be true if it had been any other individual driving the vehicle. In this case, however, Allstate denied coverage based on the intrafamily exclusion. Consequently, there was no liability coverage for this vehicle and Allstate cannot avoid providing UM coverage on this basis.
 {¶ 22} Having found R.C. 3937.18(K)(2) unenforceable and (K)(1) inapplicable, it was error for the trial court to grant summary judgment to Allstate and deny appellant's cross-motion seeking similar relief. Appellant's assignment of error is well taken and is sustained.
 {¶ 23} The judgment of the trial court is reversed.
It is ordered that appellant recover from appellee costs herein.
It is further ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., concurs.
KENNETH A. ROCCO, A.J., concurs in judgment only.
[1] Scottsdale's counterclaim for declaratory judgment, which sought a declaration that appellant was not entitled to coverage under the Scottsdale policy because appellant was not an insured, remained pending against appellant. Because appellant's dismissal of his claims against Scottsdale had the effect of rendering this counterclaim moot, the order appealed from was final and immediately appealable. Wise v. Gursky
(1981), 66 Ohio St.2d 241, 243.
[2] On September 23, 2002, this court stayed these proceedings pending the Ohio Supreme Court's review of Robson v. Allstate Ins. Co. (Sept. 18, 2001), 5th Dist. No. 01CAE03007, 2001 Ohio App. Lexis 4193, appeal allowed (2002), 94 Ohio St.3d 1451. The Robson appeal, however, was dismissed on Robson's motion and the appeal before our court proceeded. See Robson v. Allstate Ins. Co., 97 Ohio St.3d 1405,2002-Ohio-5557.
[3] These provisions became effective September 3, 1997 upon the enactment of H.B. 261. S.B. 267, however, deleted subdivision (K)(2), which became effective on September 21, 2000. Nonetheless, both provisions were in effect at the time at issue in this case.
[4] The injured party in Morris argued that Alexander was not superseded by the legislature's recent amendments to R.C. 3937.18. While the Morris court disagreed with this argument, it, nonetheless, found the provision analogous to R.C. 3937.18(K)(2) contained in the policy at issue to be unenforceable under Alexander and Martin. See Morris v. United OhioIns. Co., 4th Dist. No. 02CA2653, 2003-Ohio-1708, at ¶ 13. We make no such conclusion in our opinion today. Our finding of unenforceability is based on the rules of statutory construction.