{¶ 44} I respectfully dissent from the majority's opinion and instead conclude that State Farm's geographical limitation on coverage does not violate R.C. 3937.18 and the policy underlying the statute.
 {¶ 45} The majority concludes the UM Endorsement does not expressly provide any geographical limitations for UM coverage and therefore, under the requirements of R.C. 3937.18, since liability coverage is available in Mexico, UM coverage must also be available in Mexico. Although the UM Endorsement does not specifically provide a geographical limitation for UM coverage, I find the section of the policy titled "When And Where Coverage Applies," at page 5 of State Farm's policy, applies the geographical limitation to "coverages you chose."
 {¶ 46} This language states as follows:
 {¶ 47} "Where Coverage Applies
 {¶ 48} "The coverages you chose apply:
 {¶ 49} "1. in the United States of America, its territories and possessions or Canada; or
 {¶ 50} "2. while the insured vehicle is being shipped between their ports."
 {¶ 51} "The liability, medical payments and physical damage coverage also apply in Mexico within 50 miles of the United States border. A physical damage coverage loss in Mexico is determined on the basis of cost at the nearest United States point.
 {¶ 52} "Death, dismemberment and loss of sight, total disability and loss of earnings coverages apply anywhere in the world." (Emphasis sic.) State Farm's policy at page 5.
 {¶ 53} Based upon this language, I conclude the geographical limitation applies to both liability coverage, as well as UM coverage. The policy language refers to the "coverages you chose" in discussing where coverage applies. The use of the word "coverages" implies that the geographical limitation applies to more than one type of coverage provided for in the policy.
 {¶ 54} Further, State Farm specifically delineates those types of coverages to which the geographical limitation does not apply. These include coverages for death, dismemberment and loss of sight, total disability and loss of earnings. Thus, I find the geographical limitation applies to the UM coverage provided for in the policy. Further, UM coverage does not arise by operation of law since the UM coverage mirrors the liability coverage, i.e. coverage applies in Mexico within 50 miles of the United States' border.
 {¶ 55} The majority next concludes the geographical limitation does not apply to UM coverage since UM coverage arises by operation of law. The majority relies upon theScott-Pontzer[3] decision to reach this conclusion. I would not apply the Scott-Pontzer analysis to the facts of this case since I conclude UM coverage does not arise by operation of law as it was specifically provided for in State Farm's policy. Further, the geographical restriction applies to all types of coverages except death, dismemberment and loss of sight, total disability and loss of earnings. Therefore, I would conclude the geographical limitation applies to the UM coverage and UM coverage would have been available to appellee had the accident occurred within 50 miles of the United States' border.
 {¶ 56} The majority also finds that even if the 50 mile geographical restriction applies to the UM coverage, such a restriction violates R.C. 3937.18 and the policy underlying the statute. In support of this conclusion, the majority cites the case of State Farm Auto. Ins. Co. v. Alexander (1992),62 Ohio St.3d 397 and Stanton v. Nationwide Mut. Ins. Co.,68 Ohio St.3d 111, 1993-Ohio-75. The Sixth, Eighth and Tenth District Courts of Appeals have addressed similar arguments and concluded that geographical limitations do not violate Ohio Supreme Court law or R.C. 3937.18.
 {¶ 57} The Eighth District Court of Appeals most recently addressed this argument in the case of Tscherne v. NationwideMut. Ins. Co., Cuyahoga App. No. 81620, 2003-Ohio-6158. The court rejected the argument explaining:
 {¶ 58} "There is nothing in Alexander that would invalidate the territorial limits of the policy because those territorial limits do not purport to eliminate or reduce UM/UIM coverage for any cause of action recognized by Ohio tort law. The territorial limitation only acts to define the loci in which coverage applies." Id. at para.9.
 {¶ 59} In addition to this analysis by the Eighth District Court of Appeals, I would also note that R.C. 4509.51 only requires that liability insurance insure the person named therein and any other person, as insured, within the United States or the Dominion of Canada. This statute provides, in pertinent part:
 {¶ 60} "Every owner's policy of liability insurance:
"* * *
 {¶ 61} "(B) Shall insure the person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, * * *."
 {¶ 62} Further, in Caba v. State Farm Auto. Ins. Co. (Mar. 31, 1995), Lucas App. No. L-94-168, the Sixth District Court of Appeals addressed whether a 50 mile geographical limitation was void under the Alexander decision. The court held:
 {¶ 63} "Whether a geographical limitation provision was enforceable was not at issue in Alexander. While the holding of the syllabus in Alexander is written in very broad language, we decline to extend Alexander to the present case. We do not find that the Alexander court intended to hold geographical limitation provisions void as against public policy underlying R.C. 3937.18." Id. at 2.
 {¶ 64} Finally, in Prudential Prop. Cas. Ins. Co. v.Gales (Aug. 7, 1986), Franklin App. No. 86AP-250, the Tenth District Court of Appeals also concluded a territorial limitation did not violate R.C. 3937.18. In reaching this conclusion, the court explained:
 {¶ 65} "The basic thrust of R.C. 3937.18 is that the uninsured motorist protection should be as extensive as the automobile or motor vehicle liability coverage. We find nothing in R.C. 3937.18 which would preclude application to the uninsured motorist coverage of a territorial limitation permitted with respect to the basic automobile or motor vehicle liability coverage. There are no public policy reasons to require an insurer to extend uninsured motorist coverage for accidents occurring in foreign countries." Id. at 2.
 {¶ 66} Finally, I find it proper to enforce the 50 mile geographical limitation because an automobile liability insurance policy must be enforced as written, giving the language used in the contract its plain and ordinary meaning. Cincinnati Indemn.Co. v. Martin, 85 Ohio St.3d 604, 607, 1999-Ohio-322. Under the plain and ordinary language of State Farm's policy, the 50 mile geographical limitation applies to all coverages provided for in the policy except death, dismemberment and loss of sight, total disability and loss of earnings. I would also note that State Farm's policy contains the following language on the cover page:
 {¶ 67} "If you plan to drive an automobile in mexico, be sure to secure coverage in a mexican insurance company and avoid possible jail detention, automobile impoundment and other complications in the even of an accident."
 {¶ 68} Accordingly, I would reverse the decision of the trial court and conclude that appellee is not entitled to UM coverage under State Farm's policy.
For the reasons stated in our accompanying Memorandum-Opinion, the February 13, 2003 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[3] Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292.