BOWLING et al.

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, n.k.a. Metropolitan
Life, Auto & Home Insurance Company; Weissman, Appellant;
Nationwide Mutual Insurance Company, Appellee.

[Cite as *Bowling v. St. Paul Fire & Marine Ins.
Co.*, 149 Ohio App.3d 290, 2002-Ohio-4933.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020089.

Decided Sept. 20, 2002.

Ruppert, Bronson, Ruppert & D'Amico Co., L.P.A., and James D. Ruppert, for appellant.

Deters, Benzinger & LaVelle, P.S.C., and William J. Moran, for appellee.

WINKLER, Judge.

{¶ 1} On October 25, 1998, Tony Weissman was involved in an automobile accident with another driver, Frances Bowling. Initially, Bowling filed a complaint against Weissman alleging negligence. In return, Weissman filed a counterclaim against Bowling and a third-party complaint against his own insurance carrier, Nationwide Mutual Insurance Company ("Nationwide"). Except for Weissman's claim against Nationwide under his business insurance policy, all other claims, including those of an intervening plaintiff and his insurance company, have been resolved.

{¶ 2} After Weissman had received from Nationwide the full limits of under-insured-motorist coverage under his automobile insurance policy, Weissman sought underinsured-motorist coverage under his Nationwide business policy for the remaining damages. Weissman's business policy was kept in force by "Tony Weissmann dba Abernathy's Lift Line,"[1] a ski shop that he co-owned with other family members.

{¶ 3} Weissman and Nationwide both filed motions for summary judgment. The trial court granted summary judgment in favor of Nationwide. The trial

---

1. The appellant's surname appears interchangeably throughout the record as either "Weissman" or "Weissmann."

court determined that Weissman's business policy could not be construed as one providing underinsured-motorist coverage and medical-expenses coverage for the accident.

{¶ 4} In a single assignment of error, Weissman contends that the trial court erred by granting summary judgment in favor of Nationwide. We disagree.

{¶ 5} According to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party.[2] The moving party bears the burden of pointing out in the record where it is shown that no genuine issue of material fact remains.[3] Once the moving party satisfies its burden, the nonmoving party has the reciprocal burden of setting forth specific facts demonstrating that a genuine issue exists to be litigated.[4] On appeal, a reviewing court conducts a de novo review.[5]

{¶ 6} For the purpose of determining the scope of coverage for an underinsured-motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties.[6] In this case, Nationwide's business policy was issued to Weissman subsequent to September 3, 1997, but prior to November 2, 1999, the next effective amendment date of R.C. 3937.18. The parties agree that the version of R.C. 3937.18 that controls in this case was that enacted by Am.Sub. H.B. No. 261, effective September 3, 1997, which reads as follows:

{¶ 7} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:

{¶ 8} "(1) Uninsured motorist coverage * * *.

---

2. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

3. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.

4. Civ.R. 56(E); *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164.

5. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

6. *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 289, 695 N.E.2d 732.

{¶ 9} "(2) Underinsured motorist coverage * * *."

{¶ 10} Section (L) of R.C. 3937.18 represented an attempt by the legislature to narrow the scope of policies that had to include underinsured- and uninsured-motorist coverage in response to the Ohio Supreme Court's interpretation of previous versions of R.C. 3937.18.[7] As applicable to this case, Subsection (L) of R.C. 3937.18 was as follows:

{¶ 11} "(L) As used in this section, 'automobile liability or motor vehicle liability policy of insurance' means either of the following:

{¶ 12} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;

{¶ 13} "(2) Any umbrella policy of insurance." 147 Ohio Laws, Part II, 2377.

{¶ 14} In this case, the trial court rejected Weissman's contention that coverage should be implied as a matter of law and concluded that R.C. 3937.18(L)(1) required a more specific identification of a vehicle than what was present in Weissman's business policy. The trial court concluded that Weissman's propositions "stretch[ed] the interpretation of the statutory language beyond the bounds of common sense" and, thus, did not require construing his business policy as an automobile liability or motor vehicle liability policy of insurance pursuant to R.C. 3937.18, subjecting it to the mandatory offering of uninsured- and underinsured-motorist coverage.

{¶ 15} When an insurance policy is clear and unambiguous, its interpretation is governed solely by the terms appearing in it, and a court cannot alter its provisions. Where an insurance policy is ambiguous, the ambiguity must be construed against the insurer and resolved in favor of the insured.[8] An insurance policy is ambiguous if its terms are subject to more than one reasonable interpretation.[9]

{¶ 16} The Nationwide business policy in this case lacked any listing of specific automobiles, but it did provide coverage for "mobile equipment." Weissman argues that the automobile he was driving at the time of the accident was similar to "mobile equipment" pursuant to the policy and therefore was "specifi-

---

7. See *Jump v. Nationwide Mut. Ins. Co.*, (Nov. 2, 2001), 2d Dist. No. 18880, 2001 WL 1345954, appeal denied (2002), 94 Ohio St.3d 1491, 763 N.E.2d 1188; *Roper v. State Auto. Mut. Ins. Co.*, 1st Dist. No. C–010117, 2002-Ohio-3283, 2002 WL 1389831.

8. See *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus.

9. See *Hacker v. Dickman* (1996), 75 Ohio St.3d 118, 119–120, 661 N.E.2d 1005.

cally identified" so as to satisfy R.C. 3937.18(L). The policy defined "mobile equipment" in pertinent part as "[v]ehicles maintained for use solely on or next to premises you own or rent" and "[v]ehicles * * * maintained primarily for purposes other than the transportation of persons or cargo." Our review of the policy's definition convinces us that it did not apply to the automobile Weissman was driving at the time of the accident, which occurred at some distance from his business. Our conclusion that his automobile was not "mobile equipment" as defined by the policy is buttressed by the fact that the policy specifically stated that the insurance did not apply to bodily injury or property damage arising out of "the transportation of 'mobile equipment' by an 'auto' owned or operated by or rented or loaned to any insured."

{¶ 17} Moreover, Weissman's policy specifically excluded from covered property "aircraft, automobiles, motortrucks and other vehicles subject to motor vehicle registration." Furthermore, the policy specifically stated, "We [Nationwide] will not pay for loss or damage caused by or resulting from vehicles you own or which are operated in the course of your business."

{¶ 18} Weissman argues that an exception for parked automobiles from the policy exclusion dictates that the Nationwide business policy should be construed as an automobile liability or motor vehicle liability policy of insurance. The policy's exclusion from coverage did not apply to the following:

{¶ 19} "Parking an 'auto' on, or on the ways next to, premises you own or rent, provided the 'auto' is not owned by or rented or loaned to you or the insured."

{¶ 20} As the Second Appellate District has explained when reviewing a commercial general liability insurance policy with virtually identical language:

{¶ 21} "The very language of the policy makes clear that it is not designed to provide proof of financial responsibility for any automobile. It excludes liability coverage for automobiles, and the exception to that exclusion specifies that it only covers parking of automobiles on the insured's property if those automobiles are not owned by the insured. Furthermore, the policy does not provide liability insurance with respect to any vehicles 'specifically identified in the policy of insurance' as required by R.C. 3937.18(L)(1). Therefore, it does not, as required by the statute 'serve[ ] as proof of financial responsibility * * * for owners or operators of the motor vehicles specifically identified in the policy of insurance.' It does not serve as proof of financial responsibility for owners or operators of any vehicle at all."[10]

---

10. *Agudo De Uzhca v. Derham* (Apr. 5, 2002), 2d Dist. No. 19106, 2002-Ohio-1814, 2002 WL 506808, discretionary appeal accepted in 96 Ohio St.3d 1511, 2002-Ohio-4950, 775 N.E.ed 854; see, also, *Devore v. Richmond*, 6th Dist. No. WD–01–044, 2002-Ohio-3965, 2002 WL

{¶ 22} Weissman's final argument is that the Ohio Supreme Court's decision in *Selander v. Erie Ins. Group*[11] dictates the outcome of this case in his favor. He contends that *Selander* supports his argument that his business policy was an automobile liability or motor vehicle liability policy of insurance. At the time of the *Selander* decision, a version of R.C. 3937.18 was in effect that did not include the limiting language of Subsection (L).[12] Also, unlike the policy in *Selander*, Weissman's business policy did not provide coverage for nonowned or hired vehicles but only for the parking of autos not owned by Weissman. Moreover, the Ohio Supreme Court has since said about its *Selander* decision in *Davidson v. Motorists Mut. Ins. Co.*[13] that "*Selander* stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration."[14] Thus, Weissman's reliance on *Selander* is misplaced.

{¶ 23} We hold that the trial court did not err in concluding that Weissman's business policy could not, by operation of law, be construed as an automobile liability or motor vehicle liability policy such that Nationwide had to provide uninsured- and underinsured-motorist coverage pursuant to R.C. 3937.18. Thus, we overrule Weissman's single assignment of error.

{¶ 24} Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

GORMAN, P.J., and SUNDERMANN, J., concur.

---

1781220; *Gilcreast–Hill v. Ohio Farmers Ins. Co.*, 9th Dist. No. 20983, 2002-Ohio-4524, 2002 WL 2008974.

11. (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161.

12. See *Ugudo De Uzhca v. Derham*, supra, fn. 10.

13. (2001), 91 Ohio St.3d 262, 744 N.E.2d 713.

14. Id. at 268, 744 N.E.2d 713.