[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The plaintiff-appellant, Charles Brewster, Jr., appeals from the trial court's order dismissing his claim against Mount Vernon Fire Insurance Company, the defendant-appellee, under Civ.R. 12(B)(6). Brewster's claim against Mount Vernon was based upon a theory that the commercial liability policy obtained from Mount Vernon by his employer, Tekaho, Inc. d/b/a, Alaska Acres Care Center, gave rise to uninsured motorist-coverage by operation of law. For the following reasons, we affirm the trial court's dismissal.
{¶ 3} Brewster was struck by a hit-and-run driver while riding his bicycle. He was severely injured. He sought to recover under his employer's commercial general liability policy, although both parties agreed that Mount Vernon never tendered either uninsured ("UM") or underinsured motorist coverage ("UIM") in connection with this policy. Brewster argues, however, that Ohio law required UM/UIM coverage to be tendered because the policy, by offering automobile liability coverage, "albeit in limited circumstances," should have been construed as a motor vehicle liability policy of insurance. Thus construed, Brewster argues, UM/UIM coverage should have arisen by operation of law pursuant toScott- Pontzer v. Liberty Mutual Fire Ins. Co., 85 Ohio St.3d 6060,1999-Ohio-292, 710 N.E.2d 1116, and its progeny.
{¶ 4} The policy in question expressly stated that the insurance provided did not apply to "Aircraft, Auto or Watercraft," including any bodily injury or property damage arising out of the "ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured." The policy did contain limited exceptions to this exclusion. Coverage was expressly provided for the parking of an automobile on the business premises, provided that the automobile was not "owned, loaned, or rented or loaned to you or the insured." Presumably, this exception applied to visitors parking on the premises of the care center. The policy also provided coverage for certain mobile equipment, not automobiles, while being driven on a public highway.
{¶ 5} We consider this case to be controlled by our decision inBowling v. St. Paul Fire Ins. Co. (2002), 149 Ohio App.3d 290,776 N.E.2d 1175. The policy in Bowling contained language almost identical to that here. The argument was made in Bowling that the coverage for parked automobiles and mobile equipment should have had the effect of rendering the policy an automobile liability policy or a motor vehicle liability policy of insurance. We rejected the argument, holding that the very language of the policy made clear that it was not designed to provide insurance for any automobile, and that the limited exceptions for uninsureds who parked an automobile on the premises and for the transportation of mobile equipment on a public highway with permission of the insured were insufficient to alter this conclusion. Id. at 294-295,776 N.E.2d 1175. The same reasoning leads to the same result here.
{¶ 6} Therefore, the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and GORMAN, JJ.