OPINION
{¶ 1} Judy McDaniel, individually and as guardian of Marvin A. McDaniel, Jr. ("McDaniel"), and Marvin A. McDaniel, Sr. ("Marvin, Sr."), plaintiffs-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the trial court granted the summary judgment motion of Westfield National Insurance Company ("Westfield"), defendant-appellee.
 {¶ 2} The following facts were stipulated by the parties in the court below for the purposes of resolving the parties' motions for summary judgment. Judy and Marvin, Sr., are the mother and father, respectively, of McDaniel. On May 28, 2000, McDaniel and his parents resided in the same house. On that date, McDaniel was a passenger in a vehicle being driven by John Wolfe, and he was seriously and permanently injured in a two-vehicle accident. The two occupants of the other vehicle, Glenn and Edna Foulk, were both killed as a result of the accident. The accident resulted from the negligence of Wolfe and proximately caused the injuries and damages to McDaniel. The vehicle driven by Wolfe was insured by a policy issued by Westfield with liability limits of $500,000 for each accident and uninsured/underinsured ("UM/UIM") motorist limits of $500,000 for each accident. The damages suffered by McDaniel, as a result of the accident, exceeded $500,000. Westfield has exhausted its liability limits by paying $125,000 to each of the estates of Glenn and Edna Foulk, and $250,000 to Judy McDaniel, as guardian of McDaniel.
 {¶ 3} On July 6, 2001, appellants filed a complaint for declaratory judgment and damages against Westfield, seeking to recover UM/UIM motorist benefits under the Westfield policy. On December 21, 2001, appellants filed a motion for summary judgment. On December 26, 2001, Westfield filed a motion for summary judgment. On April 22, 2003, the trial court issued a judgment denying appellants' motion for summary judgment and granting Westfield's motion for summary judgment. Appellants appeal the judgment, asserting the following assignment of error:
The trial court erred by granting summary judgment in favor of appellee and by overruling appellants' motion for summary judgment.
 {¶ 4} Appellants argue in their sole assignment of error that the trial court erred by granting summary judgment to Westfield. Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and where reasonable minds can only reach one conclusion, which is adverse to the non-moving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 5} Westfield points to several provisions of the Westfield policy to argue that appellants are not entitled to UM/UIM coverage. Westfield first points to Section V, the Ohio UM/UIM endorsement ("UM/UIM endorsement"), which provides, in pertinent part:
We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle
because of bodily injury:
1. Sustained by an insured; and
2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.
(Emphasis sic.)
 {¶ 6} The UM/UIM endorsement also provides the following definition of an "underinsured motor vehicle":
"Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the limit of liability for this coverage.
However, underinsured motor vehicle does not include any vehicle or equipment:
* * *
7. That is a your covered auto for which coverage is provided under Section IV of this policy.
(Emphasis sic.)
 {¶ 7} Thus, pursuant to the UM/UIM endorsement, appellants are entitled to coverage only if McDaniel was an insured and Wolfe's vehicle was an underinsured motor vehicle. The parties have already stipulated that McDaniel, as a passenger in Wolfe's motor vehicle, was an insured under the policy for purposes of UM/UIM. However, Westfield argues that the vehicle in which McDaniel was riding was not an "underinsured motor vehicle," as defined by subparagraph 7 of the UM/UIM endorsement quoted above.
 {¶ 8} Pursuant to subparagraph 7 of the UM/UIM endorsement, an underinsured motor vehicle does not include any vehicle defined as a "your covered auto" for which coverage was provided under Section IV, the auto liability portion of the policy. Pursuant to the definitions contained in Section I, the general provisions portion of the policy, for purposes of Section IV, "your covered auto" is defined under subparagraph 15(a) as any vehicle shown in the declarations. It is undisputed that Wolfe's vehicle was a vehicle named in the declarations. We also note that, although the automobile was specifically named in the declarations, the parties stipulated that the vehicle driven by Wolfe "was insured by a policy of insurance issued by defendant Westfield."
 {¶ 9} Where an insurance policy's provisions are clear and unambiguous, courts must apply the terms as written and may not enlarge the contract by implication to embrace an object distinct from that contemplated by the parties. Gomolka v. State Auto. Mut. Ins. Co.
(1982), 70 Ohio St.2d 166, 168; Bowling v. St. Paul Fire MarineIns. Co., 149 Ohio App.3d 290, 2002-Ohio-4933, at ¶ 15. In the present case, we find that the language of subparagraph 7 is clear and unambiguous. Because Wolfe's vehicle was named in the declarations, it was a "your covered auto" for purposes of Section IV. As it was a "your covered auto" for purposes of Section IV, it is precluded from being an "underinsured motor vehicle" pursuant to subparagraph 7 of the UM/UIM endorsement. Therefore, we find that Wolfe's vehicle was not an underinsured motor vehicle, and, thus, appellants are not entitled to UM/UIM coverage pursuant to the provisions of the endorsement.
 {¶ 10} Appellants counter that subparagraph 7 is ineffective to preclude UM/UIM coverage because the purported restriction set forth in that provision does not comply with Ohio law. Appellants argue that an automobile insurance policy may not eliminate or reduce UM/UIM coverage required by R.C. 3937.18 to persons injured in a motor vehicle accident where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law. Thus, appellants claim that Westfield is precluded from placing language in its endorsement that impermissibly restricts coverage mandated by law.
 {¶ 11} It is well-established that provisions in an automobile liability insurance policy that vary from statutory requirements are unenforceable. Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281. However, a clear, unambiguous underinsured motorist coverage provision is valid and enforceable as long as the provision is not contrary to the coverage mandated by R.C. 3937.18. Moore v. StateAuto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, 28-29.
 {¶ 12} In the present case, we find there is no genuine issue as to whether subparagraph 7 complies with the Ohio law applicable at the time of contracting. When interpreting an automobile liability insurance policy, courts must employ the statutory law in effect at the time of contracting or renewal. Ross, at 287-288. Here, the declarations page of the Westfield policy indicates that the policy period began on January 8, 2000. The parties do not dispute that the version of R.C. 3937.18, as amended by H.B. No. 261, effective September 3, 1997, and S.B. No. 57, effective November 2, 1999, applies to UM/UIM coverage in the case at bar. That version of the statute provided, in pertinent part:
(K) As used in this section, "uninsured motor vehicle" and "underinsured motor vehicle" do not include any of the following motor vehicles:
(1) A motor vehicle that has applicable liability coverage in the policy under which the uninsured and underinsured motorist coverages are provided[.]
 {¶ 13} It is true that, before the effective date of H.B. No. 261, any attempt to limit UM/UIM coverage in a policy of insurance was generally found to be inconsistent with the intent and purpose of former R.C. 3937.18 and unenforceable. See State Farm Auto. Ins. Co. v.Alexander (1992), 62 Ohio St.3d 397; Martin v. Midwestern Group Ins.
(1994), 70 Ohio St.3d 478. However, H.B. No. 261 amended R.C. 3937.18 and authorized insurers to limit UM/UIM coverage under certain circumstances. One such limitation is the exclusion contained in R.C.3937.18(K)(1).
 {¶ 14} The language used in R.C. 3937.18(K)(1) is substantively similar to the language used by Westfield in subparagraph 7 to define an underinsured motor vehicle in the present case. Both subparagraph 7 and R.C. 3937.18(K) provide that an "underinsured motor vehicle" cannot be a vehicle that has applicable liability coverage in the same policy under which UM/UIM is provided. Because the language in subparagraph 7 of the UM/UIM endorsement was specifically permitted by H.B. No. 261 to limit UM/UIM coverage, we cannot find that the provision is contrary to the coverage mandated by R.C. 3937.18.
 {¶ 15} This court has before arrived at a similar conclusion. InDeStephen v. Allstate Ins. Co., Franklin App. No. 01AP-1071, 2002-Ohio-2091, DeStephen operated his motor vehicle negligently, resulting in a collision and causing injuries to DeStephen's wife and son, who were traveling as passengers in the vehicle. The DeStephens' vehicle was insured by Allstate Insurance Company ("Allstate"). DeStephen's wife and son brought suit against Allstate, alleging that DeStephen was an uninsured tortfeasor with regard to their injuries, and, consequently, they were entitled to UM/UIM motorist coverage under the Allstate policy. Allstate argued, among other things, that the vehicle being operated by DeStephen was not an uninsured automobile based upon the policy provision that provided an "uninsured auto" is not "a motor vehicle which is insured under the Automobile Liability Insurance of this policy." Id. at ¶ 30. The trial court granted Allstate's motion for summary judgment. On initial appeal, this court remanded on a different issue and, upon remand, the trial court again granted summary judgment to Allstate.
 {¶ 16} Upon subsequent appeal, we affirmed. After finding that R.C. 3937.18, as amended by H.B. No. 261, was applicable, this court concluded, inter alia, the provision that excluded "a motor vehicle which is insured under the Automobile Liability Insurance of this policy" from being an "uninsured auto" was substantively similar to the exclusion contained in the amended version of R.C. 3937.18(K)(1). Accordingly, we held that DeStephen's wife and son could not maintain their UM/UIM action against Allstate, and the trial court properly granted summary judgment. Likewise, in the present case, because the policy excludes Wolfe's vehicle from the definition of "underinsured motor vehicle," and such an exclusion is specifically permitted by R.C. 3937.18(K)(1), appellants cannot maintain their UM/UIM action against Westfield.
 {¶ 17} Further, to support their argument that an automobile insurance policy cannot eliminate or reduce uninsured or underinsured motorist coverage in contravention of R.C. 3937.18, appellants citeAlexander and Martin, supra. However, as explained above, those two cases were decided before the effective date of H.B. No. 261, which specifically authorized insurers to limit UM/UIM coverage under certain circumstances. See Smith v. GuideOne Ins., Franklin App. No. 02AP-1096, 2003-Ohio-4823, at ¶ 11. Although Alexander and Martin stand for the proposition for which appellants cite them with regard to R.C. 3937.18, as it existed at that time, Westfield's policy language is consistent with the amended version of R.C. 3937.18 that was in effect at the time Wolfe and Westfield entered into the insurance contract. Therefore, we findMartin and Alexander unpersuasive.
 {¶ 18} Appellants also cite Clark v. Scarpelli (2001),91 Ohio St.3d 271, and Littrell v. Wigglesworth (2001), 91 Ohio St.3d 425, for various propositions. However, we find these cases inapplicable for two reasons. First, as in Alexander and Martin, in Clark and Littrell,
the applicable insurance contracts were executed prior to the effective date of H.B. No. 261. Second, there is no evidence that the policies in those cases specifically excluded from the definition of "underinsured motor vehicle" any vehicle covered under the liability portion of the policy. Regardless, even if the policies in Clark and Littrell had contained such an exclusion, H.B. No. 261, which specifically approved and adopted this exemption in defining "underinsured motor vehicle," had not yet been passed. Therefore, we find Clark and Littrell inapposite to the present case.
 {¶ 19} Appellants also make an argument that there are "constitutional issues" that must be considered when construing the contractual obligations of Westfield. Appellants assert that this court cannot "judicially abrogate" the obligation that Westfield owes to appellants because the obligations of parties to a contract of insurance may not be impaired by a judicial decision that changes the construction of the agreement. This argument is without merit. Our above decision neither judicially abrogates Westfield's obligation nor changes the construction of the agreement. Our determination above enforces the clear and unambiguous language of the insurance contract and applies the dictates of Ohio statutory law as prescribed by the Ohio General Assembly. Therefore, we find this argument not well-taken. For the foregoing reasons, appellants' assignment of error is overruled.
 {¶ 20} Accordingly, appellants' sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., Concur.