SHAY, Appellee,

v.

SHAY et al., Appellant.

[Cite as *Shay v. Shay,* 164 Ohio App.3d 518, 2005-Ohio-5874.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–05–008.

Decided Nov. 4, 2005.

Michael Jay Leizerman and Ronald F. Leonhardt, for appellee.

Glenn E. Wasielewski, for appellant Ohio Mutual Insurance Group.

HANDWORK, Judge.

{¶ 1} This is an appeal from the judgment of the Fulton County Court of Common Pleas, which granted the motion for summary judgment filed by appellee, Debra Shay, and denied the motion for summary judgment filed by appellant Ohio Mutual Insurance Group ("Ohio Mutual"), by finding that appellee was an "insured" under Ohio Mutual's policy. For the reasons that follow, we affirm judgment for appellee.

{¶ 2} Ohio Mutual raises the following assignments of error on appeal:

{¶ 3} "I. The trial court erred in granting plaintiff-appellee's motion for summary judgment and in denying defendant-appellant Ohio Mutual Insurance Group's motion for summary judgment, declaring that plaintiff-appellee is entitled to coverage under her personal auto policy issued by defendant-appellant Ohio Mutual Insurance Group.

{¶ 4} "II. The trial court erred in denying defendant-appellant Ohio Mutual Insurance Group's motion for reconsideration or, in the alternative, motion for inclusion of Civ.R. 54(B) language, with respect to the trial court's prior judgment entry granting plaintiff-appellee's motion for summary judgment and denying defendant-appellant Ohio Mutual Insurance Group's motion for summary judgment."

{¶ 5} Appellee, who was a passenger, was seriously injured in a one-vehicle accident on March 16, 2001. The vehicle was owned and operated by appellee's husband, Larry Shay. The Shays had liability and uninsured/underinsured-motorist ("UM") coverage with Ohio Mutual. The parties agree that appellee was not entitled to liability coverage because of the "family exclusion" clause contained in Ohio Mutual's policy. Appellee, however, was granted judgment against Ohio Mutual pursuant to the UM coverage provided by the policy. Ohio Mutual argues that the trial court erred in granting appellee judgment on her UM claim because the policy did not provide UM coverage for uninsured motor vehicles owned by the insured or any family member.[1]

---

1. This type of restriction will be referred to herein as the "household exclusion."

{¶ 6} In reviewing a motion for summary judgment, an appellate court must apply the same standard of law as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). This review is done by an appellate court de novo, *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, and requires the court to independently examine the evidence to determine, without deference to the trial court's determination, whether summary judgment is warranted. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 7} Ohio Mutual's original automobile policy with the Shays was issued on July 8, 1998, and was renewable every six months, subject to certain limitations. At that time, pursuant to Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, 2376 ("H.B. 261"), effective September 3, 1997, R.C. 3937.18(K)(2) stated that uninsured and underinsured motor vehicles did not include "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured." Ohio Mutual's policy language included such a restriction to UM coverage in its "household exclusion" clause.

{¶ 8} Any policy restrictions on UM coverage, mandated by R.C. 3937.18, have to comply with the statute's purpose. *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 399–400, 583 N.E.2d 309, citing *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547, syllabus. "[T]he purpose of uninsured motorist coverage and its mandatory offering is 'to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.'" *Schaefer v. Allstate Ins. Co.* (1996), 76 Ohio St.3d 553, 555, 668 N.E.2d 913, citing *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438. Therefore, "an automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." *Alexander*, 62 Ohio St.3d at 400, 583 N.E.2d 309. Any policy restrictions that vary from the statute's requirements and purpose are therefore unenforceable. *Schaefer*, 76 Ohio St.3d at 555, 668 N.E.2d 913; *Martin*, 70 Ohio St.3d at 480, 639 N.E.2d 438; and *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 433, 23 O.O.3d 385, 433 N.E.2d 555.

{¶ 9} Because R.C. 3937.18(K)(2) permitted insurance companies to include a "household exclusion" to UM coverage in their policies, such a restriction in Ohio Mutual's 1998 policy was enforceable. However, on September 21, 2000, Am.Sub.S.B. No. 267, 148 Ohio Laws, Part V, 11380, 11384–11385 ("S.B. 267") eliminated R.C. 3937.18(K)(2) as created by H.B. 261. Without R.C. 3937.18(K)(2) in effect, a provision seeking to deny UM coverage on the basis of a "household exclusion" would be unenforceable because it is not permitted by statute and because it attempts to eliminate UM coverage for a recognized cause of action in violation of the purposes and mandates of R.C. 3937.18. See *Alexander*, 62 Ohio St.3d at 400, 583 N.E.2d 309, and *Schaefer*, 76 Ohio St.3d at 555, 668 N.E.2d 913.

{¶ 10} Ohio Mutual argues that pursuant to R.C. 3937.31(A) and *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, its policy cannot be altered by the provisions of S.B. 267 until July 6, 2002, upon the expiration of a two-year guarantee period. Ohio Mutual argues that because the accident occurred on March 16, 2001, the policy lawfully precluded UM coverage for appellee pursuant to its household exclusion. Appellee, on the other hand, argues that based on the terms of the policy,[2] and pursuant to S.B. 267, which added R.C. 3937.31(E), Ohio Mutual was required to incorporate the statutory changes created by S.B. 267 into the policy provisions at the time of the next renewal, which was January 6, 2001, and that Ohio Mutual was not required or permitted to wait until the beginning of a new two-year guarantee period, i.e., July 6, 2002. The issue therefore becomes whether R.C. 3937.18(K)(2) as created by H.B. 261 or the provisions of S.B. 267 apply to Ohio Mutual's policy.

{¶ 11} On July 6, 1998, at the time appellee originally contracted with Ohio Mutual for automobile insurance, R.C. 3937.31(A) stated:

{¶ 12} "Every automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years. Where renewal is mandatory, 'cancellation,' as used in sections 3937.30 to 3937.39 of the Revised Code, includes refusal to renew a policy with at least the coverages, included insureds, and policy limits provided at the end of the next preceding policy period. No insurer may cancel any such policy except pursuant to the terms of the policy, and in accordance with sections 3937.30 to 3937.39 of the Revised Code * * *." Am.Sub.H.B. No. 381, 143 Ohio Laws, Part III, 4697, 4734.

---

2. Ohio Mutual's policy states that its policy will be amended to conform with statutes that are in conflict with its policy terms and that it will be governed by the laws in the state in which it is issued.

{¶ 13} In *Wolfe*, 88 Ohio St.3d 246, 725 N.E.2d 261, the Ohio Supreme Court considered the effect of R.C. 3937.31(A). In *Wolfe*, an automobile insurance policy was issued in 1983. The insured was injured on April 2, 1995, and sought UM coverage under her policy. The insured sought to have *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, be applied to the terms of her policy, which would have afforded her UM coverage. The insurer, however, sought to have Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204 ("S.B. 20"), effective October 20, 1994, apply to the policy, which would have precluded the insured from receiving UM coverage. The court in *Wolfe* had to determine whether the law of *Savoie* or the provisions of S.B. 20 applied to the policy at issue.

{¶ 14} Because the policy in *Wolfe* had been renewed on December 12, 1994, after the effective date of S.B. 20, the insurer argued that the provisions of S.B. 20 were incorporated into the policy at that time. The court, however, held, "Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39." *Wolfe* at paragraph one of the syllabus. The court further held that the guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage, and that the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of insurance. Id. at paragraphs two and three of the syllabus.

{¶ 15} By counting successive two-year policy periods from the inception of the policy, the court in *Wolfe* determined that the last guaranteed policy period prior to the accident would have begun on December 12, 1993. Therefore, even though S.B. 20 became effective on October 20, 1994, and the policy was renewed on December 12, 1994, the terms of the policy could not have been amended by the insurer to lessen the insured's coverage until the expiration of the two-year guarantee period, i.e., December 12, 1995. Because *Savoie*, 67 Ohio St.3d 500, 620 N.E.2d 809, was the law in effect at the time of the December 12, 1993 renewal, the court held that the insured was entitled to UM coverage pursuant to *Savoie*. *Wolfe*, 88 Ohio St.3d at 250, 725 N.E.2d 261, citing *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732 ("The statutory law in effect on the date of issue of each new policy is the law to be applied").

{¶ 16} Relying in part on *Wolfe*, other courts have held that a policy cannot be amended to reflect the changes made by S.B. 267 until the expiration of the two-year guarantee period. See, e.g., *Young v. Cincinnati Ins. Co.*, 8th Dist. No. 82395, 2004-Ohio-54, 2004 WL 35770; and *Slone v. Allstate Ins. Co.*, 5th Dist. No. 2004CA0021, 2004-Ohio-3990, 2004 WL 1699899.

{¶ 17} In *Young* and *Slone*, the insurance companies sought to incorporate S.B. 267 into their policies upon a renewal date that occurred after the effective date of S.B. 267, but during the two-year guarantee period provided by R.C. 3937.31(A). In each case, application of S.B. 267 would have precluded the insured from receiving UM coverage, whereas without the application of S.B. 267, the insured would have received UM coverage. The courts held that the terms of coverage, which would have allowed the insureds to receive UM coverage, were guaranteed for two-year periods of time pursuant to R.C. 3937.31(A). Therefore, in each case, the insurance company was prohibited from applying S.B. 267 retroactively to its policy in order to bar the insured's right to receive UM coverage.

{¶ 18} We agree with the holdings in *Young* and *Slone*. Clearly, the purpose of R.C. 3937.31(A) is to bestow a benefit on insureds. As noted in *Wolfe*, 88 Ohio St.3d at 249–250, 725 N.E.2d 261:

{¶ 19} "One of the purposes behind R.C. 3937.31 is to ensure that consumers of automobile liability insurance are able to maintain the level of coverage and policy limits that they had originally contracted for. See R.C. 3937.31(A) (' "cancellation" * * * includes refusal to renew a policy with at least the coverages, included insureds, and policy limits provided at the end of the next preceding policy period'). See, also, R.C. 3937.31(B)(3) (policy modifications that do *not* effect a withdrawal or reduction in the initial coverage or policy limits are permitted). Second, the statute is intended to protect insureds from unilaterally being left without the protections that automobile-insurance coverage affords by requiring that insurers provide an adequate method of notification when canceling insurance policies. See R.C. 3937.31(A) (grounds for cancellation limited) * * *."

{¶ 20} In *Wolfe*, *Young*, and *Slone*, the insurance company sought to lessen an insured's UM coverage by amending its policy at a time when it was statutorily prohibited from doing so, i.e., during the two-year guarantee period set forth in R.C. 3937.31(A). Obviously, an insurance company is barred from amending its policy language during the two-year guarantee period in a way that would *lessen* an insured's coverage, unless agreed to by the insured. See R.C. 3937.31(A) ("Where renewal is mandatory, 'cancellation' * * * includes refusal to renew a policy *with at least the coverages*, included insureds, and policy limits provided at the end of the next preceding policy period." [Emphasis added.]).

{¶ 21} We find, however, that an insurance company is not prevented from *increasing* the coverage it provides during any two-year period. To the contrary, an insurer has always been allowed to modify a policy so long as it does not "effect a withdrawal or reduction in the initial coverage or policy limits." R.C. 3937.31(B)(3). Similarly, *Wolfe* held that a policy is permitted to be altered

"by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39" within the two-year guarantee period. Accordingly, we find that R.C. 3937.31(A) provides a floor for what coverage must be provided, not a ceiling.

{¶ 22} In this case, on January 6, 2001, Ohio Mutual entered into a contract of renewal with appellee. The renewal provided that the policy terms would be amended to conform with Ohio law.[3] S.B. 267 was in effect at the time of the renewal and had eliminated the "household exclusion" previously provided for by R.C. 3937.18(K)(2).

{¶ 23} Pursuant to its terms and the purposes of R.C. 3937.18, we find that at the time of the January 6, 2001 renewal, Ohio Mutual's policy was amended to incorporate the provisions of S.B. 267, which eliminated the "household exclusion." By amending the policy to conform with S.B. 267, the January 6, 2001 renewal actually afforded appellee more UM coverage than was provided in her original contract. As discussed above, we find that increasing the amount of UM coverage provided for in a policy is not prohibited. Accordingly, although the renewal occurred during the two-year guarantee period discussed in R.C. 3937.31(A), we find that S.B. 267 could be incorporated into the policy to eliminate the "household exclusion" and increase the amount of UM coverage provided.

{¶ 24} As a result of the March 16, 2001 accident, appellee was entitled to recover from her husband for the injuries he had caused. Accordingly, we find that Ohio Mutual's "household exclusion," which would otherwise deny appellee coverage, was unenforceable because it was no longer permitted by statute and because it conflicted with the purposes of R.C. 3937.18. See *Alexander,* 62 Ohio St.3d at 400, 583 N.E.2d 309; *Schaefer,* 76 Ohio St.3d at 555, 668 N.E.2d 913; *Martin,* 70 Ohio St.3d at 480, 639 N.E.2d 438; and *Sexton,* 69 Ohio St.2d at 433, 23 O.O.3d 385, 433 N.E.2d 555. Appellee is therefore entitled to UM coverage from Ohio Mutual for her injuries.

{¶ 25} We further find that we are not applying S.B. 267 retroactively to the policy in this case. As stated above, and pursuant to *Wolfe* and R.C. 3937.31(B)(3), although Ohio Mutual could not decrease the coverage it provided until July 6, 2002, it was not prevented from increasing the UM coverage it provided. Ohio Mutual agreed to amend its policy to comport with Ohio law. At

---

3. {¶ a} Ohio Mutual's policy states as follows:
{¶ b} CONFORMITY TO STATUTE
{¶ c} Terms of this policy which are in conflict with the statutes of the states wherein this policy is issued are hereby amended to conform to such statutes.
{¶ d} GOVERNING LAW
{¶ e} This policy shall be governed by and interpreted in accordance with the laws of the state in which it is issued.

the time of the renewal, S.B. 267 had eliminated the "household exclusion." Such an application does not violate any statutes or interfere with any vested rights. We find that, in this case, incorporating S.B. 267 into the policy is both permitted by R.C. 3937.31 and *Wolfe* and required by Ohio Mutual's policy terms and R.C. 3937.18.

{¶ 26} The parties also give much consideration, however, to whether R.C. 3937.31(E),[4] as created by S.B. 267, can be applied to the policy in this case and whether such an application would be retroactive. Because we find that there has never been a prohibition against an insurer increasing the amount of UM coverage provided, we find that application of R.C. 3937.31(E) is unnecessary to arrive at the conclusion in this case. R.C. 3937.31(E) merely codified the status of the law as it always was.

{¶ 27} Based on our decision, we find that we are in conflict with *Flowers v. Ohio Mut. Ins. Group*, 3d Dist. No. 13–02–28, 2003-Ohio-441, 2003 WL 202237. In considering facts identical to ours, the court in *Flowers* held that *Wolfe* prohibited the renewal contract, entered into during a two-year guarantee period, from incorporating the provisions of S.B. 267 that eliminated the "household exclusion." *Flowers* held that the insured's UM coverage claim was barred pursuant to the statutory language of R.C. 3937.18(K)(2), as that was the law that existed at the beginning of the two-year guarantee period. Because we find that there is no prohibition on an insurer's ability to increase the amount of UM coverage it offers, we find that the conclusion in *Flowers* is erroneous.

{¶ 28} Alternatively, even if we found R.C. 3937.18(K)(2) to be unenforceable, Ohio Mutual argues that R.C. 3937.18(K)(1) acts to preclude appellee from receiving UM coverage. We disagree. R.C. 3937.18(K)(1) states that an uninsured or underinsured motor vehicle does not include "[a] motor vehicle that has applicable liability coverage in the policy under which the uninsured and underinsured motorist coverages are provided." Ohio Mutual's policy, however, specifically states that uninsured motor vehicle includes a vehicle to which a liability policy applies, but which has been denied coverage by the insuring company.

{¶ 29} In this case, although the Shays had liability coverage pursuant to the policy, because of the "family exclusion," liability coverage did not apply to cover appellee's injuries. Accordingly, we find that there was no "applicable liability coverage" that would preclude appellee's ability to collect UM coverage. More-

---

4. {¶ a} R.C. 3937.31(E) states:

{¶ b} Nothing in this section prohibits an insurer from incorporating into a policy any changes that are permitted or required by this section or other sections of the Revised Code at the beginning of any policy period within the two-year period set forth in division (A) of this section.

over, we find that because Ohio Mutual denied liability coverage, according to the terms of its policy, the Shays' vehicle was an "uninsured motor vehicle." Therefore, UM coverage could not be denied pursuant to R.C. 3937.18(K)(1) in this case.

{¶ 30} Based on the foregoing, we hold that appellee was entitled to UM coverage as a matter of law. We further hold that the trial court did not err in granting appellee's motion for summary judgment and in denying Ohio Mutual's motion for summary judgment. Accordingly, we find that Ohio Mutual's first assignment of error is not well taken.

{¶ 31} Ohio Mutual argues with respect to its second assignment of error that the trial court erred in denying Ohio Mutual's motion for reconsideration or, in the alternative, motion for inclusion of Civ.R. 54(B) language to allow Ohio Mutual to appeal the trial court's award of summary judgment to appellee prior to being required to try the issue of the amount of damages owed for UM coverage. First, we note that there the trial court was not required to include such language. Second, because we affirm the trial court's summary-judgment decision, we find that Ohio Mutual's second assignment of error is moot. Accordingly, we find Ohio Mutual's second assignment of error not well taken.

{¶ 32} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant, Ohio Mutual Insurance Group, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.

{¶ 33} Insofar as we find the holding in this case to be in conflict with *Flowers*, 3d Dist. No. 13–02–28, 2003-Ohio-441, 2003 WL 202237, pursuant to Section 3(B)(4), Article IV, Ohio Constitution, this court certifies the record of the instant case to the Ohio Supreme Court for review and final determination on the following questions:

{¶ 34} "Does the Ohio Supreme Court's decision in *Wolfe* (2000), 88 Ohio St.3d 246 [725 N.E.2d 261], and R.C. 3937.31(A), prevent an insurance company from amending the terms of its policy language, at the time of renewal, to increase the amount of uninsured- and underinsured-motorist coverage it provides, prior to the expiration of the two-year guarantee period discussed in R.C. 3937.31(A)?

{¶ 35} "Is it an unlawful retroactive application to allow Am.Sub.S.B. No. 267 to apply to the terms of a renewal policy, prior to the expiration of the two-year

guarantee period discussed in R.C. 3937.31(A), to increase uninsured- and under-insured-motorist coverage?"

Judgment affirmed.

SINGER, P.J., and PARISH, J., concur.