{¶ 34} I respectfully dissent from the majority opinion.
 {¶ 35} The majority bases its decision to affirm upon its agreement with the Kelly and Green Courts.[1] Unlike the majority, I do not find either case persuasive and offer the following analysis.
 {¶ 36} Appellee correctly identifies the issue presented: "Is the provision within the UM/UIM coverage of the All America policy, that prohibits uninsured motorist coverage being applicable to an accident in which the tortfeasor vehicle (uninsured motor vehicle) is one owned by or furnished or available for the regular use of the named insured, a valid and enforceable limitation upon uninsured motorist coverage in a personal automobile insurance policy?"[2] For the reasons that follow, I find it is not.
 {¶ 37} Appellant relies primarily upon Shay v. Shay, 2005-Ohio-5874, to support her argument. It is important to note the Shay Court was called upon to address the *Page 10 
issue applying the S.B. 267 version of R.C. 3937.18, not the version applicable herein. Appellant quotes the analysis utilized by theShay Court in reaching the conclusion the household exclusion was invalid:
 {¶ 38} "Because R.C. 3937.18(K)(2) permitted insurance companies to permit a household exclusion to UM coverage in their policies, such a restriction in Ohio Mutual's 1998 policy was enforceable. However, on September 21, 2000, Am. Sub. S.B. 267 (SB 267) eliminated R.C.3937.18(K)(2) as created by HB 261. Without R.C. 3937.18(K)(2) in effect, a provision seeking to deny UM coverage on the basis of a household exclusion would be unenforceable because it is not permitted by statute and because it attempts to eliminate UM coverage for a recognized cause of action in violation of the purposes and mandates of R.C. 3937.18." Id (Citations omitted).
 {¶ 39} Appellant also cites and quotes the decision of the Huron County Common Pleas Court in Wertz v. Wertz, Case No. CVC 2005 0493, decided June 27, 2006,[3] wherein the trial court held:
 {¶ 40} "The problem with American Family's position is that the history of the legislation shows that the Legislature has dealt specifically with intra family exclusions: once when it declared the policy of the State to allow the exclusion in 1997 and again when it repealed the exclusion in September, 2000. Its failure to authorize it in 2001 when it again amended R.C. 3937.18, leaves this Court to conclude that it is the legislative policy of this State to not permit insurance policies effective after 2001 to include an intra family exclusion to their definition of an uninsured motor vehicle." *Page 11 
 {¶ 41} Appellee responds by arguing the Ohio Supreme Court decision inKyle v. Buckeye Union Insurance Co., 103 Ohio St. 3d 170,2004-Ohio-4885, makes it clear the household exclusion is valid and enforceable and not against public policy. In Kyle, the Ohio Supreme Court was called upon to determine whether sections (K)(2) and (J)(1) were in conflict under the H.B. 261 version of R.C. 3937.18, effective September 3, 1997. It is important to note the Kyle Court was not called upon to analyze the effect of the removal of section (K)(2) in subsequent versions of the statute. I agree with Appellant, theKyle Court did not hold the household exclusion is valid and enforceable in the absence of a specific legislative provision for it. It is that absence, more specifically the removal of section (K)(2), which provides the basis for the Shay and Wertz courts' decisions.
 {¶ 42} Appellee maintains the result of the amendment of the statute eliminating the mandatory offering and implied coverage by operation of law provisions has caused the arguments for a broad interpretation of uninsured/underinsured coverage in favor of the insured to disappear because limitations and restrictions are no longer contrary to public policy.[4] I do not find the amendment ends my analysis or changes the underlying purpose for providing and securing UM/UIM coverage.
 {¶ 43} I find a difference between the public policy considerations which previously mandated the offering and implied UM/UIM coverage, and the underlying purpose of UM/UIM coverage. While the public policy requiring mandatory offering has indeed been changed by the legislature under the third version of R.C. 3937.18, and UM/UIM coverage will no longer be implied by operation of law, I believe the underlying *Page 12 
purpose of UM/UIM coverage, once offered and accepted, remains the same, i.e., to provide protection for insureds against damages caused by uninsured/underinsured drivers.
 {¶ 44} In State Farm Automobile Insurance Co. v. Alexander (1992),62 Ohio St. 3d 397, the Ohio Supreme Court held the household exclusion conflicted with the coverage mandated by R.C. 3937.18.[5] TheAlexander Court quoted R.C. 3937.18(A)(1) which provided uninsured motorist coverage "* * * shall provide protection for bodily injury * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * *" Id at 399.
 {¶ 45} While mandatory offering and implied coverage by operation of law have been removed from the statute as an expression of the legislature's public policy, the statute's purpose as found by theAlexander Court remains the same. The version of R.C. 3937.18 applicable sub judice, indirectly reaffirms that purpose in section (B)(1) by including within the definition of an "uninsured motorist" the owner or operator of a motor vehicle if there exists no bodily injury liability bond or insurance policy covering the owner's or operator's liability to the insured.
 {¶ 46} Appellee and the majority cite two appellate decisions which have reached the opposite conclusion I do herein. In the first,Green v. Westfield Ins. Co., 2006-Ohio-5057, the Ninth District Court of Appeals concluded the elimination of the mandatory offering and implied coverage by operation of law provisions when coupled with the plain language of R.C. 3937.18(I)(1) authorizing exclusionary or limiting coverage under *Page 13 
specified circumstances, including but not limited to those listed thereafter, evidences a clear intent to recognize the household exclusion.
 {¶ 47} Crucial in my analysis is the first of those listed specified circumstances. R.C. 3937.18(I)(1) provides:
 {¶ 48} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse or a resident relative of a named insured [i.e., the "household exclusion"], if the motor vehicle is not specificallyidentified in the policy under which a claim is made * * *" (Emphasis added).
 {¶ 49} It is the inclusion of the "if the motor vehicle is not specifically identified in the policy under which a claim is made" language which caused Judge Carr to dissent in Green. I agree with the construction proferred by the appellant in Green. The legislature has expressed its intent UM/UIM coverage may not be precluded for household family members if the vehicle is specifically identified in the policy. To conclude otherwise would render the qualifying language superfluous.[6] I find the specific limiting language in section (I)(1) prevails over the more general enabling language in section(I). Because the vehicle Appellant's daughter was operating at the time of the accident is specifically identified in the policy as an insured vehicle on the Automobile Policy Declarations page, I find the household exclusion ineffective in this case.
 {¶ 50} The other appellate case upon which Appellee and the majority rely is Kelly v. Auto-Owners Ins. Co., 2006-Ohio-3599. TheKelly Court also upheld the *Page 14 
household exclusion as it pertains to UM coverage. Like theGreen Court, the Kelly Court noted the amended version of R.C. 3937.18
eliminated the requirement insurers must offer UM coverage and exclusions are not limited to the ones specified in section (I).
 {¶ 51} The primary rationale for the Kelly Court's decision seems to be the fact because liability coverage was excluded by the policy, such exclusion would be rendered meaningless if the policy gave coverage back via the UM portion of the policy. The Kelly Court speculates family members could plot to recover UM benefits in lieu of bodily injury benefits.
 {¶ 52} While posing an interesting question, the Kelly Court fails to address the apparent legislative intent expressed in section (I)(1) regarding specifically identified insured vehicles. Because of this omission, I likewise find Kelly unpersuasive. As Judge Carr aptly suggested in Green, perhaps the answer lies with more guidance from the legislature.
 {¶ 53} Given the underlying purpose of UM/UIM coverage; the legislative history involving the removal of section (K)(2) as a specifically recognized exclusion from the previous H.B. 261 version of the statute; and considering the legislative intent in adopting the specific language found in section (I)(1) limiting when the household exclusion may be allowed, I conclude Appellee's household exclusion is invalid under the facts of this case.
[1] Majority Opinion at ¶ 32.
[2] Brief of Appellee at 3.
[3] Wertz involved an analysis of the same version of R.C. 3937.18
involved herein.
[4] Brief of Appellee at 10.
[5] I believe H.B. 261 was the version under review inAlexander.
[6] I recognize as did Judges Whitmore and Boyle in Green, our construction of the statute appears to read into the statute the inverse of that which the statute states, i.e., UM/UIM coverage may be precluded under specified circumstances, "including but not limited to" those specifically listed in R.C. 3937.18(I)(1). *Page 1